PFIZER, INC., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE, ET AL.

(No. 70-335—Decided February 3, 1971.)

6

*Messrs. Porter, Stanley, Treffinger & Platt, Mr. Edmund D. Doyle* and *Mr. J. Stephen Van Heyde,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. C. Luther Heckman,* for appellee.

STEPHENSON, J. The facts in this case are not in dispute, and the dispositive questions are (1) whether the unassembled and inoperable machinery and equipment is, as a matter of law, property "used in business" and sub-

ject to taxation and (2) whether appellant was required to comply with R. C. 5711.18.

R. C. 5701.08 provides, in pertinent part:

"(A) Personal property is 'used' within the meaning of 'used in business' when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying on the business, when kept and maintained as a part of a plant capable of operation, whether actually in operation or not, or when stored or kept on hand as material, parts, products, or merchandise. *Machinery and equipment classifiable upon completion as personal property while under construction or installation to become part of a new or existing plant or other facility is not considered to be 'used' by the owner of such plant or other facility within the meaning of 'used in business' until such machinery and equipment is installed and in operation or capable of operation in the business for which acquired.*" (Emphasized portion added by amendment in 1955, 126 Ohio Laws 78.)

Prior to amendment, in 1951 this court, in *Standard Oil Co.* v. *Glander* (1951), 155 Ohio St. 61, held that, under G. C. 5325-1 (now R. C. 5701.08), machinery and equipment designed for the production of gasoline, in the process of construction and erection as an addition to an operating oil refinery, was part of a "plant capable of operation" and subject to taxation. The second paragraph of the syllabus states:

"The provisions of Section 5325-1, General Code, that 'personal property shall be considered to be "used" when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying on the business, when kept and maintained as a part of a plant capable of operation, whether actually in operation or not,' authorize the taxation of personal property 'kept and maintained as a part of a "plant" capable of operation.' The word 'plant' as used in such section is to be construed and applied as commonly understood in its ordinary acceptation and signi-

ficance. Machinery and equipment designed for the production of gasoline, which are in the process of erection and construction as an addition to an operating oil refinery, constitute a part of 'a plant capable of operation' and are subject to taxation by virtue of the provisions of Section 5325-1, General Code, as property 'used in business.' "

In that case, Judge Taft, later Chief Justice, and Judge Stewart expressed doubt as to the correctness of paragraph two of the syllabus, but concurred in the judgment on the ground that the property in question was subject to the tax since the property was at least "acquired," if not "held," as a means or instruments for carrying on business.

In *National Distillers Products Corp.* v. *Peck* (1952), 158 Ohio St. 369, it was contended that where machinery and equipment are in the process of construction and erection for use in a manufacturing plant which, likewise, was in the process of construction and not yet in operation, such machinery and equipment was "used in business" for the reason that this court did not, in the *Standard Oil* case, deny the ground of taxibility of the concurring members of the court of "acquired or held as means or instruments for carrying on the business." The court held that such machinery and equipment was not "used in business," either as being "acquired or held as means or instruments of carrying on the business," or "kept and maintained as a part of a plant capable of operation" because there was no business, no plant, and no capacity for operation. The court distinguished the *Standard Oil* case on the basis that in *Standard Oil* there was an operating plant.

In affirming the assessments herein, the board relied upon the rationale and holding in the *Standard Oil* case.

The board's decision reads, in part:

"It is the finding of the Board of Tax Appeals that the equipment and machinery in question as clearly shown by the evidence, was part of a plant capable of production, actually in production, and therefore 'used in business'

within the meaning of Revised Code Section 5701.08, supra. See *Standard Oil Co.* v. *Glander,* 155 Ohio St. 61, in which the second branch of the syllabus reads as follows * * *.''

We are of the view that the decision of the board, based upon its findings that the property under consideration was part of a ''plant capable of production, actually in production,'' and therefore was ''used in business,'' applies the statute as it existed prior to amendment and is unreasonable and unlawful.

Prior to amendment, R. C. 5701.08 designated four general classes of personal property considered to be used in business, (1) when employed or utilized in connection with ordinary or special operations, (2) when acquired or held as means or instruments for carrying on the business, (3) when kept and maintained as a part of a plant capable of operation, whether actually in operation or not, and (4) when stored or kept on hand as material, parts, products or merchandise. By the amendment, the General Assembly, by explicit and unequivocal language, accomplished what is stated in the purpose clause of the amending act, *i. e.,* ''to exclude construction in progress from taxation.'' After the amendment, by the express wording of the statute, machinery and equipment while under construction or installation to become part of a new or existing plant, which machinery and equipment is not in operation or capable of operation, is not property ''used in business.''

Counsel for the Tax Commissioner urge the view that the amendment was in response to the decision of this court in the *Standard Oil* case; that the General Assembly intended to restrict the amendment to interpreting that portion of the statute providing ''when kept and maintained as a part of a plant capable of operation, whether actually in operation or not,'' and did not intend the amendment to have any bearing upon the remaining classifications of property subject to tax.

We reject that reasoning, not only upon the ground that the General Assembly did not restrict the amendment to that single classification but, also, for the additional reason

that we can not ascribe to the General Assembly an intention to enact a meaningless amendment. Such would be the case, if counsel's view were adopted, since machinery and equipment must, at least, be acquired, if not held, prior to construction or installation, and would therefore be taxable in every case.

The machinery and equipment in question in this case had not been completely installed, was not operable, and hence was not "used in business."

The remaining question pertains to the applicability of R. C. 5711.18, which provides, in part:

"* * * In the case of personal property *used in business,* the book value thereof less book depreciation at such time shall be listed, and such depreciated book value shall be taken as the true value of such property, unless the assessor finds that such depreciated book value is greater or less than the then true value of such property in money. Claim for any deduction from net book value of accounts receivable or depreciated book value of personal property must be made in writing by the taxpayer at the time of making his return * * *." (Emphasis added.)

By the insertion of the term, "used in business," the General Assembly has conditioned the application of statute to property within that term. Having determined that the property in question was not "used in business," it follows the statute is inapplicable.

*Decision reversed.*

O'Neill, C. J., Schneider, Herbert, Duncan, Stern and Leach, JJ., concur.

Stephenson, J., of the Fourth Appellate District, sitting for Corrigan, J.