GAHANNA HEIGHTS, INC., APPELLANT, *v.* PORTERFIELD, TAX
COMMR., APPELLEE, ET AL.

[Cite as Gahanna Heights, Inc., v. Porterfield, 15 Ohio
St. 2d 189.]

(No. 41268—Decided July 10, 1968.)

*Mr. Lewis S. Witherspoon,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon
A. Ziegler,* for appellee.

*Per Curiam.* Appellant's contention in this court is
that the decision of the Board of Tax Appeals, that the Tax
Commissioner was correct in applying the ''302 Computa-
tion Directive,'' is unreasonable and unlawful.

In order for the book value of capital assets to be prima facie evidence of true value for personal property tax purposes, a taxpayer must establish a depreciation account on the books of the corporaton which "is regularly and consistently credited with depreciation under *some generally recognized method of reflecting depreciation of the taxpayer's personal property." Wheeling Steel Corp.* v. *Evatt,* 143 Ohio St. 71. (Emphasis added.)

This court takes judicial notice of the fact that appellant here computes depreciation on his capital equipment at a rate calculated to receive the most favorable treatment under the federal corporation income tax laws. Many corporations maintain two sets of books, one according to generally recognized accounting procedures and the second for federal income tax purposes. However, the fact that appellant has chosen to compute depreciation in order to obtain optimum federal income tax treatment, which is based on the policy of encouraging capital investment, cannot in any way limit the taxing authorities of this state. Section 2, Article XII of the Constitution of Ohio, requires that property, taxed according to value, be taxed at its true value in money. Section 5711.18, Revised Code, merely makes book value, used by appellant in its returns, prima facie evidence of the true value.

The application of the "302 Computation Directive," which applies a straight-line method of depreciation at rates which depend upon the type of equipment being depreciated, may occasionally lead to a rate of depreciation which does not result in the valuation of a particular item of personal property at its true value. In such a case, in applying the directive to arrive at the true value, the taxing authorities must make adjustments. *W. L. Harper Co.* v. *Peck,* 161 Ohio St. 300.

The burden is on the taxpayer to show that the rate of depreciation arrived at under the "302 Computation Directive" does not reflect the true value of its personal property. See *Adams* v. *Bowers,* 167 Ohio St. 389.

The decision of the Board of Tax Appeals herein includes the following finding: "No testimony or evidence of probative value was submitted to the Board of Tax Appeals by the appellant to support its position that the depreciated book value of its property was, in fact, the true value in money thereof." The record of the hearing before the board shows that the only testimony presented by appellant, beyond that previously presented to the Tax Commissioner, was the assertion by appellant's accountant that Section 5711.18, Revised Code, makes book value prima facie evidence of true value.

The only evidence in the record which bears upon the true value of the equipment in question is a letter of appraisal from an officer of a heavy equipment company, dated March 30, 1967, in which he lists the current market value of the equipment, as of that date, which value was less than the true value as determined by the commissioner for the tax years 1964 and 1965. Also in the record are photographs showing equipment in a condition of disuse and disrepair. The accountant testified, on cross-examination before the board, that the equipment had not been used "for about a year," but that appellant still expected to use it to complete the residential development.

Considering the fact that the only evidence submitted by appellant pertaining to true value during 1964 and 1965 consists of the letter of appraisal, dated March 30, 1967, which apparently was after the equipment had been permitted to fall into a state of disuse and disrepair, this court can not say that the determination by the Board of Tax Appeals, that appellant had submitted "no testimony or evidence of probative value * * * to support its position," is unreasonable or unlawful, and the decision is, therefore, affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.

BROWN, J., dissents.