SYRO STEEL CO., APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

10

(No. 72-526—Decided April 11, 1973.)

*Messrs. Harrington, Huxley & Smith* and *Mr. William E. Fowler, Jr.*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mrs. Maryann B. Gall*, for appellee.

STERN, J. Appellant's primary contention is that the assets in question should be treated as "idle equipment," valued for tax purposes at ten percent of its original cost. The sole authority for this proposition is a 1948 directive of the Tax Commissioner, which has previously been found by this court to have no statutory support. See *Red Top Brewing Co.* v. *Bowers* (1955), 163 Ohio St. 18.

Paragraph one of the syllabus in *Red Top, supra*, provides:

"Although the Tax Commissioner may give consideration to the fact that machinery and equipment are idle, in determining that the 'true value of' such machinery and equipment 'in money' is less than their 'depreciated book value,' there is no statutory authority for his valuing (or, apart from the 50-per-cent provision of Section 5388, General Code, for the taxpayer listing) such personal property used in business at any arbitrary percentage of its cost without regard to its 'depreciated book value' or its 'true value * * * in money.' (Sections 5328, 5388 and 5389, General Code, construed and applied.)"

That syllabus, absent subsequent legislation, precludes the Tax Commissioner from assessing personal property used in business in the manner proposed by appellant, and we are aware of no such subsequent legislation.

The evidence is sufficient to support a determination that the assets involved here are being kept and maintained as a part of a plant *capable* of operation (see R. C. 5701.08[A]) and therefore these assets constitute personal property being used in business. As such, they are required to be listed and assessed at 50 percent of their true value in money on the day that they are required to be listed. R. C. 5711.22.

R. C. 5711.18 provides that the "true value" of personal property used in business shall equal the "* * * book

value thereof less book depreciation [depreciated book value] * * * unless the assessor finds that such depreciated book value is greater or less than the then true value of such property in money." No such finding has been made by the assessor herein.

There being no *statutory* authority for assessing personal property used in business at an arbitrary percentage of its cost, we hold that such a procedure may not be utilized by the Tax Commissioner.

Appellant's second contention is that the Board of Tax Appeals erred in affirming the assessment order in that the Tax Commissioner utilized a straight-line, 20-year life method of determining depreciated book value of these assets. The only reference in the record as to the term of depreciation which appellant felt should be utilized was testimony by appellant's accountant that appellant was depreciating the equipment over an eight-year useful life. However, appellant's method of determining depreciation need not be employed by the Tax Commissioner.

The valuation utilized by the Tax Commissioner was established by the "302 Computation Directive" which, as pertains to this particular equipment, essentially called for a 20-year straight line method of depreciation. As stated in *Gahanna Heights, Inc.*, v. *Porterfield* (1968), 15 Ohio St. 2d 189, 190: "The burden is on the taxpayer to show that the rate of depreciation arrived at under the '302 Computation Directive' does not reflect the true value of its personal property." See, also, *Adams* v. *Bowers* (1958), 167 Ohio St. 389. The single statement by appellant's accountant falls far short of meeting this burden.

For the reasons stated herein, we find the determination of the Board of Tax Appeals to be neither unreasonable nor unlawful, and the decision is, therefore, affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.