The Commonwealth Plan, Inc., Appellant, *v.* Kosydar, Tax Commr., Appellee.

[Cite as Commonwealth Plan, Inc., v. Kosydar (1976), 47 Ohio St. 2d 39.]

(No. 76-40—Decided July 7, 1976.)

40

*Messrs. Glander, Brant, Ledman & Newman, Mr. C. Emory Glander* and *Mr. James H. Ledman,* for appellant.
*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

*Per Curiam.* This appeal requires us to determine if the Tax Commissioner's finding of the true value of appellant's dragline was unreasonable or unlawful.

R. C. 5711.18 provides, in part:

"* * * In the case of personal property used in business, the book value thereof less book depreciation at such time shall be listed, and such depreciated book value shall be taken as the true value of such property, unless the assessor finds that such depreciated book value is greater or less than the then true value of such property in money. * * *"

Appellant contends that because Big Muskie produced approximately one-third of its expected output in 1970 and 1971, its true value during those years was only one-

third of its depreciated book cost. However, by basing true value upon the value of Big Muskie to its lessee, appellant overlooks the significance of the benefits it, the lessor, derived from the lease agreement.

With the lease of Big Muskie to Central Ohio Coal Company, and the commencement of rental payments, appellant engaged in an enterprise for profit and the machine was "used in business" by appellant and taxable to it. See *Equilease Corp.* v. *Donahue* (1967), 10 Ohio St. 2d 81, 226 N. E. 2d 721; *Southland Stores* v. *Bowers* (1960), 171 Ohio St. 271, 169 N. E. 2d 549; R. C. 5701.08. Although appellant became obligated for the payment of personal property tax in 1971 and 1972, the lease payments to the lessor-taxpayer continued unabated during that time period and were not suspended by the mechanical difficulties which caused the machine's productivity to be lowered. In light of that fact, the true value of Big Muskie cannot be determined by reference to its operating efficiency in the lessee's business. Additionally, as the Board of Tax Appeals noted, there is no evidence in the record that appellant would be willing to sell the dragline at approximately one-third of its depreciated book cost to one desiring an income producing investment. Therefore, this court finds the commissioner did not err in rejecting appellant's computation of the true value of Big Muskie.

In reaching his assessment, the commissioner utilized a "302 Computation." In such a case, the burden is on the taxpayer to show that the rate of depreciation arrived at does not reflect the true value of the property. *Gahanna Heights, Inc.,* v. *Porterfield* (1968), 15 Ohio St. 2d 189, 239 N. E. 2d 30; *Syro Steel Co.* v. *Kosydar* (1973), 34 Ohio St. 2d 9, 295 N. E. 2d 194. From our review of the instant record, it is our conclusion that appellant did not meet its burden of establishing that the commissioner's determination as to true value was erroneous.

Appellant maintains further that because Big Muskie was undergoing maintenance at the end of December 1970, and for several months thereafter, it was "under con-

struction" and not subject to taxation for the tax year 1971 under R. C. 5701.08(A).*

In support of that position, appellant relies upon *Pfizer* v. *Porterfield* (1971), 25 Ohio St. 2d 5, 266 N. E. 2d 558, in which machinery and equipment to be used in the construction and operation of a stone plant was found exempt from taxation pursuant to the above statutory language. In *Pfizer*, however, the fact that the items had not been installed and were not operable warranted their exempt status. In the case at bar, the dragline has been operable since 1969, and a period of maintenance and overhaul does not support a determination that it is "under construction" within the meaning of R. C. 5701.08(A).

The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and, therefore, is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STEPHENSON, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for STERN, J.

---

*R. C. 5701.08(A) states, in part:

"* * * Machinery and equipment classifiable upon completion as personal property while under construction or installation to become part of a new or existing plant or other facility is not considered to be 'used' by the owner of such plant or other facility within the meaning of 'used in business' until such machinery and equipment is installed and in operation or capable of operation in the business for which acquired. * * *"