WESTINGHOUSE ELECTRIC CORP., APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

(No. 80-354—Decided November 26, 1980.)

*Messrs. Jones, Day, Reavis & Pogue, Mr. Robert J. Kosydar, Mr. James R. King* and *Mr. John T. Lord,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

*Per Curiam.* The board effectively dismissed the evidence offered by Westinghouse of property values substantially lower than those reflected on the 302 Computation. However, the rejection of such evidence is within the broad gamut of the board's powers in making a factual determination of the fair market value of property for tax purposes. In *Alcoa* v. *Kosydar* (1978), 54 Ohio St. 2d 477, this court adopted for personal property the same principles used for the valuation of real property as enunciated in the syllabus in *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13, which provides, in pertinent part, as follows:

"2. The Board of Tax Appeals is not required to adopt the valuation fixed by any expert or witness. (*Hibschman* v. *Bd. of Tax Appeals,* 142 Ohio St. 47; *Benedict* v. *Bd. of Revision,* 170 Ohio St. 62; *Shaker Square Co.* v. *Bd. of Revision,* 170 Ohio St. 369, approved and followed.)

"3. The Board of Tax Appeals is vested with wide discretion in determining the weight to be given to evidence and the credibility of witnesses which come before the board. (*American Steel & Wire Co. of New Jersey* v. *Bd. of Revision,* 139 Ohio St. 388; *Shaker Square Co.* v. *Bd. of Revision,* 170 Ohio St. 369; *Benedict* v. *Bd. of Revision,* 170 Ohio St. 62, approved and followed.)

"4. The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful. (*Bd. of Revision* v. *Fodor,* 15 Ohio St. 2d 52, approved and followed.)"

The board did provide cogent reasons for rejecting the valuations offered by Westinghouse.[1]

In *Wheeling Steel Corp.* v. *Evatt* (1944), 143 Ohio St. 71, this court accepted the use of the 302 Computation as a *prima facie* determination of true value. Later, it held that special or unusual circumstances may justify a deviation from the 302 Computation, if strict application would result in injustice, *W. L. Harper Co.* v. *Peck* (1954), 161 Ohio St. 300. However, this court has consistently maintained that the burden is upon the taxpayer to affirmatively demonstrate the inapplicability or unfairness of the 302 Computation, *Alcoa* v. *Kosydar, supra* (54 Ohio St. 2d 477), and cases cited therein.[2]

Since the board has given convincing reasons for rejecting evidence offered by the taxpayer at variance from the 302

---

[1] According to the board, the conclusions reached by the statistical expert "are not supported by underlying data in the record." The board found that "* * * the appraisal techniques utilized by [Westinghouse's independent appraiser] do not value all of the appellant's personal property used in business."

The board, in refusing to apply to other assets the prices of those assets involved in the arm's-length sale, noted that "* * * there is no indication that the remaining assets are the same age or condition as the items sold. Moreover, productivity factors were not considered." The commissioner did accept the sale price of the actual assets sold as being the best method of determining value. See *Grabler Mfg. Co.* v. *Kosydar* (1975), 43 Ohio St. 2d. 75.

[2] In *Alcoa* v. *Kosydar, supra,* this court stated at page 481:

"However, this court has consistently recognized that '[t]he burden is on the taxpayer to show that the rate of depreciation arrived at under '302 Computation Directive' does not reflect the true value of its personal property.' *Gahanna Heights [Inc.,* v. *Porterfield* (1968), 15 Ohio St. 2d 189], *supra,* at page 190. See also, *Adams* [v. *Bowers* (1958), 167 Ohio St. 389], *supra, Syro Steel [Co.* v. *Kosydar* (1973), 34 Ohio St. 2d 9], *supra,* and *Commonwealth Plan, Inc.,* v. *Kosydar* (1976), 47 Ohio St. 2d 39. Moreover, this burden can only be met if the taxpayer introduces competent evidence of probative value of the personal property's true value in money. *Wheeling Steel, supra; Gahanna Heights, supra; Syro Steel, supra;* and *Adams, supra.*

"Thus, the proper scope of this court's review of the board's decision in the instant cause is not a substitution of the board's judgment on factual issues, but to determine from the record if the board's decision is supported by any probative evidence."

Also apropos herein is this court's comment in *Alcoa,* at page 484, on the board's rejection of independent appraisals:

"We will not enter into an in-depth analysis of these appraisals, because of the principles previously stated, that the board need not accept the valuation fixed by experts and the determination of the fair market value of property for the purpose of taxation is a question of fact primarily within the province of the taxing authorities. *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision, supra* (44 Ohio St. 2d 13)."

Computation, the taxpayer has not carried its burden and the board is left with the 302 Computation as the *prima facie* determination of the true value of the property other than that involved in the arm's-length sale.

The revisory jurisdiction of this court is limited to determining whether the decision of the board is reasonable and lawful. R. C. 5717.04. A perusal of the record *sub judice* indicates that the decision of the board in affirming the Tax Commissioner's determination of true value for the taxpayer's tangible personal property for the tax years in question is neither unreasonable nor unlawful.

Hence, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

W. BROWN AND DOWD, JJ., dissent.

WILLIAM B. BROWN, J., dissenting. While I agree with the board that appellant's evidence does not necessarily establish the *exact* current value of the personal property at issue, see fn. 1, *supra,* this evidence is sufficient to establish conclusively that the 302 Computation is not even an approximation of this value. In my opinion, therefore, appellant met its burden of demonstrating substantial inaccuracy and unfairness of the 302 Computation. *Alcoa* v. *Kosydar* (1978), 54 Ohio St. 2d 477. Thus, the board should have acknowledged its authority to review the commissioner's findings *de novo* and proceeded to consider the evidence and to redetermine the value of the property (by adjusting the 302 Computation or otherwise). I would remand to the board with instructions that it do so.

I also do not believe that a remand herein is inconsistent with our limited power of review under R. C. 5717.04. Under R. C. 5717.04, we should distinguish between purely factual findings of the board (*e.g.,* what is the current value of a piece of property?), and mixed findings of law and fact (*e.g.,* the issue herein: Did appellant meet its burden of demonstrating the unfairness of the 302 Computation?). With respect to

purely factual issues, we should defer to the expertise of the board on the basis of minimal record evidence. With respect to the mixed issues of law and fact, however, we should defer more reluctantly for reason that we have no alternative opportunity to scrutinize the taxing authorities' method of disposing of such issues.

Herein, because the 302 Computation was not a fair approximation, the taxing authorities should have redetermined the value of appellant's property. If they had, I would be much more willing to defer to their expertise. For the foregoing reasons, I respectfully dissent.

Dowd, J., concurs in the foregoing dissenting opinion.