PPG INDUSTRIES, INC., APPELLEE, *v.*
KOSYDAR, TAX COMMR., APPELLANT.

[Cite as PPG Industries v. Kosydar (1981),
65 Ohio St. 2d   80.]

(No. 80-297—Decided March 25, 1981.)

*Messrs. Glander, Brant, Ledman & Newman, Mr. Charles F. Glander* and *Mr. James H. Ledman,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

CLIFFORD F. BROWN, J.   R. C. 5717.04 limits the revisory jurisdiction of the Court of Appeals to determining whether the decision of the Board of Tax Appeals was reasonable and lawful. *Wheeling Steel Corp.* v. *Evatt* (1944), 143 Ohio St. 71, 77.

The parties to this action disagree as to the true value of appellee's Ohio inventory of finished goods and work in progress for all its Ohio plants for the tax years 1968 through 1971. At issue is whether the variable costing method employed by PPG is an acceptable indicator of true value for Ohio personal property tax purposes. Even though the Tax Commissioner, pursuant to Ohio Adm. Code 5703-3-27, now requires the full absorption method of cost accounting when valuing inventory, this regulation took effect after the tax years involved in this appeal. Under the previous rule, TX-41-15, no specific method of valuation of inventory was required.

Thus, for the tax years in question, appellee was not required to adopt the full absorption method of inventory valuation. This court has stated that any generally recognized method of accounting is acceptable for Ohio personal property

tax valuation. *R. H. Macy Co.* v. *Schneider* (1964), 176 Ohio St. 94, 96. Evidence presented to the Board of Tax Appeals demonstrates the system used by appellee conformed to generally accepted accounting principles. In a cyclical and capital intensive industry such as the glass industry, use of indirect factory overhead costs in valuing inventory produces anomalous results. Despite such evidence, the board ruled that elements of the full absorption costing method must be included in valuing finished goods and work in progress.

R. C. 5711.18 allows the Tax Commissioner to revalue inventory when "the assessor finds that such depreciated book value is greater or less than the then true value of such property in money."[1] The taxpayer has the burden of proving the value of its property if it disagrees with the value assigned to it by the commissioner. R. C. 5711.21 provides, in part, as follows:

"In assessing taxable property the assessor shall be governed by the rules of assessment prescribed by sections 5711.01 to 5711.36, inclusive, of the Revised Code. Wherever any taxable property is required to be assessed at its true value in money or at any percentage thereof, the assessor shall be guided by the statements contained in the taxpayer's return and such other rules and evidence as will enable the assessor to arrive at such true value."

These statutory provisions do not diminish the duty of the tax assessor to consider other competent evidence indicating that depreciated book value is greater or less than the true value in money, nor do they imply that the depreciated book value is the sole measure of true value. *Youngstown Sheet & Tube Co.* v. *Kosydar* (1975), 44 Ohio St. 2d 96, 99; *Willard Storage Battery Co.* v. *Peck* (1954), 161 Ohio St. 197.

The only evidence presented on the issue of valuation supported taxpayer-appellee's method of computing inventory value. The statements in the taxpayer's returns, being unrebutted, must be accepted by the commissioner. *Monsanto Co.* v. *Lindley* (1978), 56 Ohio St. 2d 59, 64. See, also, *Alcoa* v.

---

[1] R. C. 5711.18 reads, in pertinent part, as follows:

"In the case of personal property used in business, the book value thereof less book depreciation at such time shall be listed, and such depreciated book value shall be taken as the true value of such property, unless the assessor finds***."

*Kosydar* (1978), 54 Ohio St. 2d 477. We affirm the Court of Appeals in this regard.

The second issue to be decided is the true value of appellee's machinery and equipment at three of its Ohio plants, being the Mount Vernon, Crestline and Barberton facilities. Appellant Tax Commissioner sought to apply the depreciation rate listed in the "302 Computation" directive. This directive has been approved by this court as a practical, reasonable and lawful method and device to achieve uniform valuation of plant equipment in Ohio by prescribing annual depreciation rates in lieu of book depreciation for Ohio personal property tax purposes. *Wheeling Steel Corp.* v. *Evatt, supra; W. L. Harper Co.* v. *Peck* (1954), 161 Ohio St. 300. Appellee challenged the use of this depreciation rate before the Board of Tax Appeals, which determined that "no special or unusual conditions or circumstances pertaining to the years here in issue***would justify a change from the historically established rate of annual depreciation pertaining to the machinery and equipment then being used in business by PPG."

The board misstated the test used to determine the proper application of the "302 Computation." The depreciation rate may be adjusted not only in unusual or special circumstances but also whenever it appears rigid application of the "302 Computation" will create an unjust or unreasonable result. *Monsanto* v. *Lindley, supra,* at page 62; *W. L. Harper Co.* v. *Peck, supra,* at page 305; *Alcoa* v. *Kosydar, supra,* at page 481.

In such situations the taxing authorities are required to make adjustments in the rate of depreciation. *Gahanna Heights, Inc.,* v. *Porterfield* (1968), 15 Ohio St. 2d 189, 190. To establish the right to such a deviation, the burden is on the taxpayer to demonstrate the "302 Computation" produces a result which does not reflect the true value of its personal property. *Westinghouse Electric Corp.* v. *Lindley* (1980), 64 Ohio St. 2d 31; *Alcoa* v. *Kosydar, supra,* at page 481; *Syro Steel Co.* v. *Kosydar* (1973), 34 Ohio St. 2d 9, 12; *Gahanna Heights, supra,* at page 190. See, also, *Adams* v. *Bowers* (1958), 167 Ohio St. 389. This burden can only be met when the taxpayer introduces competent evidence of probative value

relating to the true value of the personal property. *Alcoa, supra,* at page 481.

In the instant case, the Board of Tax Appeals incorrectly applied the "302 Computation" to the machinery and equipment. PPG presented evidence at the hearing before the board that use of the five percent rate mandated in the "302 Computation" directive did not arrive at the true value in money of such machinery and equipment. PPG offered two studies before the board made by an independent appraisal company: one made on an "as is, where is" basis; the other, on an "in place" basis. These appraisals were consistent with the ten percent depreciation rate claimed by PPG. Appellee also introduced books of account and supporting records containing factual information reflecting the continuing and constant change and modernization of the machinery and equipment.

On appeal of the decision of the board to the Court of Appeals, the court had before it the evidence and record considered by the board. The court in reversing the board determined that the four assignments of error pertaining to valuation of the machinery and equipment were well taken. The court thereby determined that the finding by the board that PPG had shown "no special or unusual conditions or circumstances" justifying a change from the rate consistent with the "302 Computation" was against the weight of the evidence. The court also determined that the board's rejection of PPG's in-place appraisals because the methodology of the appraisal was "essentially the same" as presented and rejected in *Alcoa* v. *Kosydar, supra,* was unreasonable and unlawful since the methodology employed by the appraiser was different.

The Court of Appeals also determined that there was no evidence supporting the use of a composite rate of annual depreciation of five percent.

In its brief, appellant Tax Commissioner states that the record before this court does not contain any testimony or other evidence regarding the machinery and equipment of PPG. Since the record before the Court of Appeals contained all the evidence pertaining to the machinery and equipment, as well as the inventory, and since the appellant failed to include any such evidence in the record filed here, this court is unable

to determine if the Court of Appeals erred in upholding the assignments of error addressed to the valuation and assessments of the machinery and equipment.

The Court of Appeals was entitled to weigh the evidence considered by the board in reaching its decision. *Ace Steel Baling* v. *Porterfield* (1969), 19 Ohio St. 2d 137; *Inter-City Foods* v. *Kosydar* (1972), 30 Ohio St. 2d 159.

It is equally clear that the Supreme Court will not weigh the evidence. *G.S.T.* v. *Avon Lake* (1976), 48 Ohio St. 2d 63, 65, at fn. 2; *Inter-City Foods* v. *Kosydar, supra,* at page 161; *State, ex rel. Pomeroy,* v. *Webber* (1965), 2 Ohio St. 2d 84, 85; *Richter Transfer Co.* v. *Bowers* (1962), 174 Ohio St. 113.

Since the Supreme Court will not weigh the evidence in the first instance, it follows that the Supreme Court will not re-weigh the evidence already weighed by the Court of Appeals. *Ace Steel Baling* v. *Porterfield, supra,* at page 139 (fn. 2); *Bown & Sons* v. *Honabarger* (1960), 171 Ohio St. 247, paragraph three of the syllabus. The application of this rule is more compelling in the case *sub judice* because the Court of Appeals had before it a record of the evidence regarding the machinery and equipment and this court has no record pertaining thereto.

Therefore we accept the judicial determination of the Court of Appeals pertaining to the competent evidence of the true value of the machinery and equipment contained in the record it had before it.

Accordingly, the decision of the Court of Appeals reversing the board's decision and remanding the cause is affirmed.

*Judgment affirmed.*

KRUPANSKY, P. BROWN, SWEENEY and DONOFRIO, JJ., concur.

CELEBREZZE, C. J., and LOCHER, J., concur separately.

KRUPANSKY, J., of the Eighth Appellate District, sitting for W. BROWN, J.

DONOFRIO, J., of the Seventh Appellate District, sitting for HOLMES, J.

CELEBREZZE, C. J., concurring. I write this concurring

opinion to explain my reasons for affirming the Court of Appeals' judgment reversing the board's decision to include an amount accounting for indirect factory overhead costs in appellee's inventory valuation. I agree with the majority's analysis and result regarding the valuation of appellee's machinery and equipment.[2]

R. C. 5711.16 requires that inventory be listed at "average value."

This court has consistently held that the best evidence of true value is the market price of an item. For example in the syllabus of *Grabler Mfg. Co.* v. *Kosydar* (1975), 43 Ohio St. 2d 75, this court stated:

"For personal property tax purposes, the best method of determining value is the actual sale of such property on the open market and at arms length, between one who is willing to sell, but not compelled to do so, and one who is willing to buy, but not compelled to do so."

However, it is not always possible to determine the market value of an item. As a consequence the General Assembly enacted R. C. 5711.18 which states in part:

"***In the case of personal property used in business, the book value thereof less book depreciation at such time shall be listed, and such depreciated book value shall be taken as the true value of such property, unless the assessor finds that such depreciated book value is greater or less than the then true value of such property in money.***"

The goal of assessment is to estimate market value as closely as possible. This objective was recognized in *Youngstown Sheet & Tube Co.* v. *Kosydar* (1975), 44 Ohio St. 2d 96. In that case we held that generally accepted accounting principles could be used as evidence of value but stated, at

---

[2] I would like to emphasize that pursuant to *Alcoa* v. *Kosydar* (1978), 54 Ohio St. 2d 477, there is a two-prong test that the board must apply to determine if the "302 Computation" is correct in a given case. First, the board must determine whether there exist special or unusual circumstances or conditions of use which require that the "302 Computation" not be used. If the board determines that such circumstances exist, the "302 Computation" is inappropriate. Even if such circumstances are found not to exist, the board must, second, determine if rigid application of the directive creates an unjust or unreasonable result. In the case at bar the board did not address this second issue and as a consequence the Court of Appeals was correct in remanding the cause.

page 100, that "[b]ook value, as determined by a particular accounting method, will be taken as prima facie evidence of 'true value' only when the tax assessor has failed to find that book value is greater or less than the then true value."

R. C. 5711.21 states in part:

"In assessing taxable property the assessor shall be governed by the rules of assessment prescribed by sections 5711.01 to 5711.36, inclusive, of the Revised Code. Wherever any taxable property is required to be assessed at its true value in money or at any percentage thereof, the assessor shall be guided by the statements contained in the taxpayer's return and such other rules and evidence as will enable the assessor to arrive at such true value."

Pursuant to this section and R. C. 5711.18, the Tax Commissioner and the Board of Tax Appeals, on review, can deviate from a taxpayer's book value, even if that value is in accord with generally accepted accounting principles, if some credible evidence is presented indicating that the book value is greater or less than the then true value. However if no such evidence has been presented, then the book value must be used.

In the case at bar, appellee produced two experts who testified that inclusion of an amount accounting for indirect factory overhead costs did not reflect the true value of inventory in a cyclical and capital intensive industry such as the glass industry. No evidence to the contrary was offered. The Board of Tax Appeals then chose to include such an amount in valuing PPG's inventory even though PPG's book value, which was in accordance with generally accepted accounting principles, did not include such sums.

Because no evidence was offered to provide the board with a basis for deviating from appellee's book value, the board was required to accept that value. The decision of the board to the contrary was unreasonable and the Court of Appeals was correct in reversing that decision. As a consequence I concur in the court's affirmance of that judgment as well as in its affirmance of the court's judgment regarding valuation of appellee's equipment and machinery.

LOCHER, J., concurs in the foregoing concurring opinion.