TOWMOTOR CORPORATION, APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

(No. 80-1038—Decided April 15, 1981.)

*Messrs. Thompson, Hine & Flory, Mr. S. Stuart Eilers*
and *Mr. Stephen H. Buescher,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Charles
M. Steines,* for appellee.

*Per Curiam.* R. C. 5711.18 provides, in relevant part:
"* * * In the case of personal property used in business, the
book value thereof less book depreciation at such time shall be
listed, and such depreciated book value shall be taken as the
true value of such property, unless the assessor finds that such
depreciated book value is greater or less than the then true
value of such property in money."

Appellant contends that the use of the "302 Computation" directive does not reflect the true value of its personal property pursuant to R. C. 5711.18. Once a taxpayer makes that allegation, it is incumbent upon the Board of Tax Appeals to apply a two-prong test to determine if the "302 Computation" is correct in a given case.

First, the board must determine if there exist special and unusual circumstances which require that the "302 Computation" not be used. If the board determines that such circumstances do exist, the "302 Computation" is inappropriate. If such circumstances do not exist the board must, second, determine if the rigid application of the "302 Computation" directive creates an unjust or unreasonable result in that case. If so, the directive is inappropriate. *Alcoa* v. *Kosydar* (1978), 54 Ohio St. 2d 477; *PPG Industries* v. *Kosydar* (1981), 65 Ohio St. 2d 80.

The board did not consider the second prong of the test. Therefore, the cause is remanded to the board for further proceedings in accordance with this opinion.

*Cause remanded.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.