K-MART CORPORATION, APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as K-Mart Corp. *v.* Limbach (1990), 53 Ohio St. 3d 266.]

(No. 89-1649—Submitted June 8, 1990—Decided September 12, 1990.)

*Jones, Day, Reavis & Pogue, Roger F. Day* and *Laura A. Kulwicki,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *David G. Lambert,* for appellant.

*Per Curiam.* The Tax Commissioner argues that the use of the computers was preliminary to the actual making of retail sales; K-Mart claims that the computers were used directly in making retail sales. We reject the Tax Commissioner's argument and hold that K-Mart's pharmacy computer system was used directly in making retail sales.

R.C. 5739.01(E)(2) excepts from sales tax sales of items used directly in "making retail sales."[1] R.C. 5739.01(O) supplies the appropriate definition:

" 'Making retail sales' means the effecting of transactions wherein one party is obligated to pay the price and the other party is obligated to provide a service or to transfer title to or possession of the item sold, but it does not include delivery of items thereafter nor the preliminary acts of promoting or soliciting the retail sales, other than the distribution of printed matter

---

[1] R.C. 5741.02(C)(2) provides a concomitant exception for use tax.

which displays or describes and prices the item offered for sale."

As we observed in paragraph four of the syllabus in *Cardinal Federal S. & L. Assn.* v. *Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, "* * * the determination of * * * [a question of fact] is primarily within the province of the taxing authorities, and this court will not disturb a decision * * * unless it affirmatively appears from the record that such decision is unreasonable or unlawful."

We also pointed out in *Aluminum Co. of America* v. *Kosydar* (1978), 54 Ohio St. 2d 477, at 481, 8 O.O. 3d 459, at 462, 377 N.E. 2d 785, at 788, that: "Thus, the proper scope of this court's review of the board's decision * * * is not a substitution of the board's judgment on factual issues, but to determine from the record if the board's decision is supported by any probative evidence."

More recently in *NCR Corp.* v. *Lindley* (1985), 18 Ohio St. 3d 332, at 334, 18 OBR 375, at 377, 481 N.E. 2d 588, at 591, we stated with particularity:

"It is well-settled that the determination of whether an item of tangible personal property is used to promote or solicit a retail sale, as distinguished from effecting or consummating the sale, is a question of fact to be determined by the Board of Tax Appeals. * * *"

Here, the BTA found that the Tax Commissioner's decision that K-Mart's purchases of computer equipment were not excepted from Ohio sales tax or use tax was in error. Based upon the evidence of record, the BTA's finding was neither unreasonable nor unlawful and we affirm. The facts establish that K-Mart's pharmacy computer system was used primarily in making retail sales. As the BTA recognized, there is more to making a retail sale than the single aspect of utilizing a cash register to conclude the sale. The computers were used directly in making retail prescription drug sales.

This computer system was utilized principally after a customer presented a prescription, thus having selected an item and manifested an intention to purchase it. Use in such circumstances is excepted from taxation. *NCR, supra,* at 335, 18 OBR at 377, 481 N.E. 2d at 592. Certainly other incidental functions which the system performed, not directly connected with the making of a retail sale, cannot defeat the principal and primary use of the equipment.

As we stated in *Mead Corp.* v. *Glander* (1950), 153 Ohio St. 539, at 543, 42 O.O. 24, at 27, 93 N.E. 2d 19, at 21: "The general rule is that 'it is the primary, as distinguished from an incidental, use of the property that determines the question whether it is exempt from taxation.' "

For the foregoing reasons, the decision of the BTA is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.