[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 330.]

ZELL, TRUSTEE, APPELLEE, *v.* HAMILTON COUNTY BOARD OF REVISION ET AL.,
APPELLEES; CINCINNATI SCHOOL DISTRICT BOARD OF EDUCATION,
APPELLANT.

[Cite as *Zell v. Hamilton Cty. Bd. of Revision*, 1997-Ohio-213.]

*Taxation—Real property valuation—Board of Tax Appeals' valuation of property*
*reasonable and lawful, when—Scope of Supreme Court's review of Board*
*of Tax Appeals' decision.*

(No. 96-935—Submitted October 31, 1996—Decided April 30, 1997.)

APPEAL from the Board of Tax Appeals, No. 94-N-27.

—————————

{¶ 1} On March 15, 1991, Sam Zell, as a trustee filed a real estate valuation complaint with the Hamilton County Board of Revision to contest his real property valuation for the tax year 1990. In the complaint, Zell alleged that the real property had a true value of $5,000,000. The Cincinnati School District Board of Education ("BOE") filed a countercomplaint alleging that the real property had a true value of $5,760,600, as determined by the auditor.

{¶ 2} The real property at issue in this case is the same real property known as the Gwynne Building which was described in case No. 96-934, *Cincinnati Bd. of Edn. v. Hamilton Bd. of Revision* (1997), 78 Ohio St.3d ____, ___ N.E.2d ___. The Gwynne Building was sold by Zell in May 1992, to the Gwynne Building Partnership ("Gwynne") for $2,200,000. On December 30, 1993 the Hamilton County Board of Revision issued its decision valuing the real property at $5,760,600. Zell filed an appeal with the Board of Tax Appeals ("BTA") alleging that the true value should be $2,200,000.

{¶ 3} At the hearing before the BTA, Gwynne presented the testimony of Keith Bawolek and Jack Streitmarter, representatives of the seller and buyer,

respectively. In addition, Zell also presented an appraisal prepared by Ronald P. Davis of Dublin, Ohio. Davis appraised the real property at $4,000,000 on an income basis, as if the mechanical problems with the building were rehabilitated, and $2,200,000 if not rehabilitated. On a sales-comparison approach, Davis valued the property at $4,100,000 if rehabilitated and $2,300,000 if not rehabilitated. Davis also considered, but rejected, the cost approach. Davis's final value was $2,200,000 as of January 1, 1990.

{¶ 4} In opposition to Zell's evidence, the Hamilton County Auditor presented the testimony of Marlene McDaniel, his senior appraiser. Using the sales comparison approach, McDaniel valued the property at $5,390,000. Using the income approach McDaniel valued the real property at $5,260,000. Reconciling the two approaches, McDaniel valued the real property at $5,300,000 as of January 1, 1990.

{¶ 5} The BTA determined the true value as of January 1, 1990 to be $2,200,000. The BOE filed a notice of appeal with this court.

{¶ 6} This cause is now before this court upon an appeal as a matter of right.

_____

*Fred Siegel Company, L.P.A*., and *Annrita S. Johnson,* for appellee Sam Zell.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Thomas J. Scheve*, Assistant Prosecuting Attorney, for appellee.

*Wood & Lamping* and *David C. DiMuzio,* for appellant.

_____

***Per Curiam.***

{¶ 7} The auditor did not file a notice of appeal, but in his brief as an appellee he argues for reversal of the BTA's decision. *Sua sponte,* the court strikes the auditor's brief.

**{¶ 8}** The primary difference between this case and case No. 96-934 is that in this case the seller was the appellant at the BTA, while in case No. 96-934 the BOE was the appellant. Here, Zell, as the appellant, bore the burden of proving his right to a reduction in value. *Zindle v. Summit Cty. Bd. of Revision* (1989), 44 Ohio St.3d 202, 203, 542 N.E.2d 650, 651.

**{¶ 9}** The first contention raised by the BOE is that the rebuttable presumption that sale price reflects true value arises in a valuation case only after proof that the sale was an arm's-length sale. This is the same contention raised by the BOE as its first contention in *Cincinnati Bd. of Edn.*. We disagree with the BOE's contention for the same reasons as set forth *Cincinnati Bd. of Edn.*

**{¶ 10}** The BOE's second contention is that Zell did not prove that he was not selling under economic duress. We disagree with the BOE. The BTA is vested with wide discretion in determining the weight to be given to the evidence and the credibility of witnesses which come before it. *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O.2d 83, 336 N.E.2d 433. The proper scope of this court's review of the BTA's decisions is not a substitution of the board's judgment on factual issues, but to determine from the record if the BTA's decision is supported by reliable and probative evidence. *Alcoa v. Kosydar* (1978), 54 Ohio St.2d 477, 8 O.O.3d 459, 377 N.E.2d 785. The BTA found that the sale was an arm's-length sale, thereby finding no economic duress. The BTA's finding is supported by testimony and evidence in the record. The best example of the evidence supporting the BTA's finding of no economic duress is Bawolek's testimony that Zell was not under duress to sell.

**{¶ 11}** The BOE's third contention is that the sale was not exposed to the open market. This is the same contention as the BOE raised in case No 96-934. We disagree with the BOE's contention for the same reasons set forth in *Cincinnati Bd. of Edn.*

**{¶ 12}** For the reasons stated above, we find that the decision of the BTA is reasonable and lawful, and it is therefore affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____