DECISION
{¶ 1} Appellant, Columbus Christian Center, appeals from a judgment of the Ohio Board of Tax Appeals ("BTA") affirming the final determination of appellee, Thomas M. Zaino, Tax Commissioner of Ohio, granting appellant's application for a real property tax exemption in part and denying the application in part.
 {¶ 2} On December 18, 1997, appellant filed an application with the Tax Commissioner seeking a real property tax exemption pursuant to R.C. 5709.07 for a 25-acre parcel it owns in Franklin County. Following a review of appellant's evidence, the Tax Commissioner, on May 10, 2000, issued a final determination granting 15 acres of the subject property the requested tax exemption, but denying the exemption to ten acres of the property. Appellant appealed the Tax Commissioner's determination to the BTA.
 {¶ 3} According to the evidence presented before the BTA, appellant purchased the subject property in August 1996, with the intent of building a church and related facilities on the property. At the time of the hearing, a portion of the property had been improved with a church building, a play area, two parking lots, and a football field; a portion of the property was used for storm water retention as required by local zoning; and two and one-half acres of the property had been sold to the U.S. Postal Service. The balance of the property, which remained unimproved, except for having been graded and seeded with grass, was intended to be used for the future expansion of the church building and parking areas and the construction of baseball fields and basketball courts. However, appellant presented no evidence that it planned to proceed with any of these improvements in the near future. Rather, the unimproved portion of the property was occasionally being used for outdoor worship, neighborhood block parties, recreational activities, and overflow parking. Based on this evidence, BTA affirmed the final determination of the Tax Commissioner. Appellant appeals from the BTA's decision assigning the following error:
 {¶ 4} "The Board of Tax Appeals' decision and order affirming the Tax Commissioner's determination finding only 15 of 25 acres exempt was contrary to § 5709.07 and therefore unreasonable or unlawful."
 {¶ 5} The standard for review for appeals from the BTA is set forth in R.C. 5717.04, as follows:
 {¶ 6} "If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification."
 {¶ 7} Thus, our determination in the present case is limited to determining whether the BTA's decision was reasonable and lawful. PPG Industries, Inc. v. Kosydar (1981), 65 Ohio St.2d 80, 81. Further, in reviewing the BTA's decision that ten acres of the subject property were not entitled to the tax exemption, we are mindful that a statute which grants a tax exemption is to be strictly construed against exemption, Faith Fellowship Ministries, Inc. v. Limbach (1987), 32 Ohio St.3d 432,433, and that the burden of establishing entitlement to such an exemption is on the party seeking the exemption. Id. at 437. Finally, R.C. 5713.04
permits real property to be split into tax exempt and non-tax exempt parts if the tax exempt portion can be precisely delineated. Id. at 436.
 {¶ 8} In the present case, appellant sought to have its entire 25-acre parcel declared tax exempt pursuant to R.C. 5709.07(A)(2) and (3) which provide as follows:
 {¶ 9} "(A) The following property shall be exempt from taxation:
 {¶ 10} " * * *;
 {¶ 11} "(2) Houses used exclusively for public worship, the books and furniture in them, and the ground attached to them that is not leased or otherwise used with a view to profit and that is necessary for their proper occupancy, use, and enjoyment;
 {¶ 12} "(3) Real property owned and operated by a church that is used primarily for church retreats or church camping, and that is not used as a permanent residence. Real property exempted under division (A)(3) of this section may be made available by the church on a limited basis to charitable and educational institutions if the property is not leased or otherwise made available with a view to profit."
 {¶ 13} R.C. 5709.07(A)(2) and (3) provide tax exemptions for three types of real property: (1) buildings used primarily as houses of public worship, Moraine Heights Baptist Church v. Kinney (1984),12 Ohio St.3d 134, 135-136; (2) the land appurtenant to houses of public worship that is necessary for the occupancy, use, and enjoyment of the houses of public worship; and (3) land owned and operated by a church that is primarily used for church retreats or church camping. Property that is merely supportive of public worship does not qualify for the tax exemption. Faith Fellowship at 436.
 {¶ 14} In the present case, the BTA concluded that the church building was entitled to an exemption because it was used primarily as a house of public worship. The BTA also concluded that the land adjacent to the church building and the two improved parking lots were entitled to an exemption as property that is necessary for the occupancy, use, and enjoyment of the church building. Together, these portions of the property amount to 15 acres. All of the parties agree that the BTA correctly exempted these 15 acres. However, the BTA also concluded that the entire unimproved portion of the property, the football field, the area set aside for storm water retention, and the two and one-half acres sold to the postal service were not entitled to the exemption. Together, these portions of the property amount to 10 acres. It is the BTA's conclusion regarding these 10 acres with which appellant takes issue.
 {¶ 15} Appellant first contends that the BTA wrongly concluded that the unimproved area and the football field were not entitled to the tax exemption because the evidence establishes that these areas are used for recreation, which promotes Christian values. The Ohio Supreme Court has consistently concluded that recreational facilities owned by religious organizations do not qualify for the exemption provided by R.C. 5709.02(A)(2), as such facilities are, at best, merely supportive of religious purposes. Id. at 437; Moraine Heights at 136-137. Appellant also suggests that the unimproved area qualifies for the exemption provided by R.C. 5709.07(A)(3). While appellant did present evidence that the unimproved area was occasionally used for outdoor worship, recreation, and neighborhood block parties, appellant presented absolutely no evidence that area was ever used for church retreats or church camping, much less primarily used for either of those purposes, as R.C. 5709.07(A)(3) requires.
 {¶ 16} Appellant also contends that the BTA wrongly concluded that the unimproved area was not entitled to an exemption because the evidence established that the area was necessary for the occupancy, use, and enjoyment of the church. The record does not support appellant's contention. It is true that appellant's Director of Operations, Lavonne Bailey, testified that the unimproved portion of the property was used for overflow parking when the weather permitted. However, Bailey failed to provide any indication of how often the overflow parking area was needed, whether the need arose in connection with worship services, or what portion of the unimproved area, which in its entirety is at least as large as the two improved parking lots on the site, is actually needed for overflow parking. This lack of evidence left the BTA with no choice but to deny the tax exemption to the entire unimproved portion of the property.
 {¶ 17} Appellant next challenges the BTA's conclusion that the area set aside for storm water retention is not entitled to an exemption. Specifically, appellant argues that the BTA's determination is unreasonable because it was based on the incorrect conclusion that appellant failed to present any evidence regarding the size of the retention area. While appellant is correct that the record does include evidence regarding the total size of the retention area, appellant is incorrect in its assertion that the BTA relied on the lack of such evidence in concluding that the retention area was not entitled to the exemption. Rather, the BTA concluded that appellant had failed to provide any evidence of how much of the retention area is attributable to the other exempt property. The record indicates that the BTA was correct in reaching this conclusion. In the absence of any evidence from which it could determine how much of the retention area was necessary for use of exempt property, the BTA was required to conclude that none of the retention area was entitled to an exemption.
 {¶ 18} Based on the foregoing, we conclude that the BTA's decision was both reasonable and lawful. Accordingly, appellant's assignment of error is overruled.
 {¶ 19} Appellant's assignment of error having been overruled, the judgment of the Ohio Board of Tax Appeals is affirmed.
Judgment affirmed.
BRYANT and KLATT, JJ., concur.