110

LAUGHLIN ET AL., APPELLANTS, *v.* PUBLIC UTILITIES COMMISSION
OF OHIO ET AL., APPELLEES.
MANBECK, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO
ET AL., APPELLEES.
IN RE APPLICATION OF OHIO FUEL GAS CO. TO ABANDON
TRANSMISSION LINES: LAUGHLIN ET AL., APPELLANTS, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES

(Nos. 39668, 39669 and 39670—Decided April 20, 1966.)

*Mr. Neil M. Laughlin, Messrs. Witherspoon & Briggs* and *Mr. Lewis S. Witherspoon,* for appellants.

*Mr. William B. Saxbe,* attorney general, *Mr. Theodore K. High* and *Mr. Clark G. Redick,* for appellee Public Utilities Commission of Ohio.

*Mr. R. N. Mahaffey,* for appellee The Ohio Fuel Gas Company.

*Per Curiam.* The jurisdiction of the Public Utilities Commission has been questioned. The commission has authority under Sections 4905.20 and 4905.21, Revised Code, to hear and determine the issue presented by the gas company's application for authority to abandon the lines. *New York Central Rd. Co.* v. *Pub. Util. Comm.,* 171 Ohio St. 365.

Appellants contend they were denied a fair hearing and de-

prived of due process of law by the commission's assignment of an attorney examiner to prepare findings and recommendations, who had not presided at the hearings. This contention is without merit. It is not essential that a person who prepares findings and recommendations in an administrative proceeding hears the evidence, if he reviews and examines the record of the proceeding.

Appellants question whether a utility may lawfully discontinue a branch of its service although being operated at a loss when the utility operates at an overall profit. This question has been answered in the affirmative in *Detroit, Toledo & Ironton Rd. Co.* v. *Pub. Util. Comm.*, 161 Ohio St. 317.

An examination of the record leads to the conclusion that the order of the commission is neither unreasonable nor unlawful, and it is, therefore, affirmed.

*Order affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.