138

MIDWEST TRANSFER CO., D. B. A. MIDWEST EMERY FREIGHT
SYSTEM, INC., APPELLEE, *v.* PORTERFIELD, TAX COMMR.,
APPELLANT.
EMERY TRANSPORTATION CO., D. B. A. MIDWEST EMERY
FREIGHT SYSTEM, INC., APPELLEE, *v.* PORTERFIELD,
TAX COMMR., APPELLANT.

(Nos. 41206 and 41207—Decided March 20, 1968.)

140

Mr. *Theodore K. High*, for appellees.
Mr. *William B. Saxbe*, attorney general, and Mr. *Edgar L. Lindley*, for appellant.

ZIMMERMAN, J. Section 5728.10, Revised Code, provides, among other things:

"In the event any person required to file a highway use tax return * * * files an incorrect return * * * for the period covered by the return, the Tax Commissioner may make an assessment against such person, based upon *any* information in his possession, for the period for which such tax was due." (Emphasis supplied.)

Because of the improper system of reporting used by the appellees, the Tax Commissioner became convinced that appellees had substantially underreported the mileage traveled over Ohio highways by their motor vehicles which were subject to the highway use tax law. His audit of appellees' records for the second quarter of 1960 substantiated appellant's conviction.

Appellees' improper and erroneous reporting existed over all the periods of time involved herein, and the errors found by the audit for the second quarter of 1960 could fairly and logically be carried over in the same proportions and with the same percentage-of-error factors and applied to the periods which were not audited The stipulations of fact indicate that the commissioner's representatives were discouraged by the appellees from proceeding further with the audit for additional periods.

Appellees, by their own improper and erroneous reporting, invited the commissioner's investigation and audit, and, if his findings and the assessments based thereon were faulty and incorrect, the burden rested on the appellees to show in what manner and to what extent he was wrong. This they did not do.

Although there is no specific authorization in the highway use tax law as there is in the sales tax law (Section 5739.10, Revised Code) for the Tax Commissioner to conduct a test check where a taxpayer's records are insufficient and to apply the results of such test check to the receipts of the taxpayer for the entire period covered by the audit, we think Section 5728.10, Revised Code, is broad and comprehensive enough to approve the course of procedure followed by the commissioner, and even in the absence of

express statutory authority we are of the opinion that the commissioner had the inherent right to proceed as he did.

It was the duty of the commissioner to insist that returns be made in correct form so that proper assessments could be made, and it was the duty of the appellees to furnish returns which accurately reflected the mileage covered by their vehicles over Ohio highways. The Tax Commissioner was serving the interest of his employer, the state of Ohio, by ascertaining to the best of his ability, and in the only practical manner that he could, appellees' true indebtedness to the state of Ohio. Admittedly, the returns made by appellees were improper and erroneous. The audit showed that conclusively and showed further the percentage of error which had occurred, computed over a representative period of time. In our view, the commissioner was warranted in applying such percentage of error to the periods not audited, especially when appellees produced nothing in rebuttal.

We agree with the conclusion of the dissenting member of the Board of Tax Appeals that the Tax Commissioner was justified in making his assessments against appellees based upon the definite information in his possession as disclosed by the concededly correct audit, and that the duty then rested on appellees to show that the Tax Commissioner had miscalculated the mileage covered by appellees' vehicles over Ohio highways during all of the periods in issue.

In the case of *Mitchell Bros. Truck Lines* v. *Hill*, 227 Ore. 474, 363 P. 2d 49, the Supreme Court of Oregon approved a method of assessment for the use of highways similar to the one adopted and followed by the Tax Commissioner in the instant case. That court held further that it was incumbent on the taxpayer to show that the formula used produced an erroneous result.

The Oregon case was cited and quoted from in *Russo* v. *Donahue*, 10 Ohio St. 2d 201, 212, 226 N. E. 2d 747, 754.

For the reasons stated, the decision of the Board of Tax Appeals, insofar as it reversed the final determinations of the Tax Commissioner with respect to assessments made

for periods other than the second quarter of the calendar year 1960, is reversed, and, otherwise, the final determinations of the Tax Commissioner are affirmed.

*Decision affirmed in part and reversed in part.*

MATTHIAS, O.'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., concurs in the syllabus without the words, "by inherent authority," and in the judgment.