TRANSPORT MOTOR EXPRESS, INC., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

(No. 68-129—Decided December 18, 1968.)

*Messrs. Power, Griffith, Jones & Bell, Mr. Gerald A. Donahue* and *Mr. William R. White,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Edgar L. Lindley,* for appellee.

*Per Curiam.* To aid the Tax Commissioner in the performance of his assessment function, each taxpayer is required to maintain "complete and accurate" records of the movements of his vehicles over public highways in Ohio. Section 5728.07, Revised Code. Although the audit period was from April 1, 1962, to June 30, 1965, only the months

from January 1, 1964, through June 30, 1965 (with the exception of April 1964), had sufficient records to permit examination. The tax assessment was limited to these 17 months.

The taxpayer asserts that, despite its inadequate records, the only permissible mileage figures which the commissioner could use would be those actually recorded in the drivers' logs, and therefore the assessment should be limited to the total of these miles. Although Section 5728.10, Revised Code, authorizes the commissioner, where an incorrect highway use tax return is filed, to "make an assessment * * * based upon any information in his possession," the taxpayer contends that the total log mileage is the only "information" available to the commissioner in this case.

The drivers' logs contain many gaps in recorded movements. For example, a truck might be located in city A on one day and be recorded as leaving city B on a succeeding day. This would be "information" within the meaning of the statute. It is reasonable to infer from that information that the vehicle moved during the interim from A to B, and that this occurred over public highways via the shortest route. The Tax Commissioner relied upon such an inference in making his assessment.

The taxpayer did not present any evidence tending to contradict such an inference. The taxpayer refers to this inference as the "presumption of forced continuity" and argues that use of this so-called presumption is not authorized.

In our opinion, in drawing such an inference and basing his assessment upon it, the Tax Commissioner was basing that assessment upon "information in his possession," which he is authorized to do by Section 5728.10, Revised Code. The decision of the Board of Tax Appeals affirming the order of the Tax Commissioner is affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.