Ohio Fast Freight, Inc., Appellant, *v.* Porterfield, Tax Commr., Appellee.

(No. 71-336—Decided February 2, 1972.)

*Messrs. Beery & Pemberton* and *Mr. Paul F. Beery,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Peter A. Stratigos,* for appellee.

*Per Curiam.* The sole question presented is whether a highway use tax payer, who fails to maintain complete and accurate records of the total Ohio mileage travelled by each of his vehicles whose use is made subject to the tax, is entitled to have proof of some specific mileage on some vehicles during some part of the audit period projected, so as to support a claim of actual mileage on all vehicles during the entire audit period. Our answer is in the negative and, therefore, we affirm.

In the absence of adequate records required by law, the Tax Commissioner based the assessment in this case on a presumption of "forced continuity," which assumes that return trips by taxpayer's vehicles over Ohio highways are made by the taxpayer. The return trips constitute the "forced continuity" miles in this case. See *Transport Motor Express* v. *Porterfield* (1968), 16 Ohio St. 2d 81.

The Board of Tax Appeals found, however, that a reduction of the amount of the assessment was proper for the one quarter for which specific evidence was offered, and, for that quarter only, granted a reduction based on proof of actual use by others.

Appellant urges that proof of the actual mileage for one quarter of the audit period, from the records of two drivers, should have been projected for all 40 of its drivers and for all of its vehicles over all 12 quarters of the audit period.

R. C. 5728.07 requires each person liable for payment of the highway use tax to "keep a complete and accurate record, upon forms prescribed by the Tax Commissioner showing the total miles travelled on a public highway in this state by each" vehicle which is subject to the tax. The statute further requires that those "records shall be available at any time . . . for the inspection of the Tax Commissioner . . . and shall be preserved for a period of four years."

R. C. 5728.10 authorizes the Tax Commissioner to "make an assessment against . . . [a highway use tax

payer] based upon any information in his possession, for the period for which such tax was due.''

In contesting the assessment, it was incumbent upon the taxpayer ''to show in what manner and to what extent the Tax Commissioner was wrong.'' *Midwest Transfer Co.* v. *Porterfield* (1968), 13 Ohio St. 2d 138. See, also, *Higbee Co.* v. *Evatt* (1942), 140 Ohio St. 325, and *Hibschman* v. *Board of Tax Appeals* (1943), 142 Ohio St. 47. If the taxpayer here had kept and maintained the required mileage records for each of its vehicles, it could have used such records to support its contention.

Appellant argues that the ''forced continuity'' presumption projected for the whole 12 quarters is insufficient under the rule of *Bloch* v. *Glander* (1949), 151 Ohio St. 381, to support the assessment against it without supporting evidence by the Tax Commissioner. In *Bloch,* however, the taxpayer had maintained the required books and records and, as this court noted in the fourth paragraph of the syllabus, ''. . . the Tax Commissioner disregarded the vendor's books and records and determined the amount of such assessment by a partial audit and computations . . . of a . . . 'usual accepted markup' . . . and of . . . 'usual percentages employed for exempted articles sold and food consumed off the premises,' without evidence supporting the validity or correctness of such markup or percentages.''

In this case, appellant did not produce the records relevant to its assessment which it was required to keep. To accept appellant's argument would be to allow it an inference that the records which it failed to keep for any part of the audit period would support its claim for the entire audit period. Such inference is not justified from the limited evidence shown in the record.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.

BROWN, J., not participating.