Co-operative Pure Milk Assn., Inc., Appellee, *v.* Kosydar, Tax Commr., Appellant.

[Cite as Co-operative Pure Milk Assn. v. Kosydar (1976), 45 Ohio St. 2d 23.]

(No. 75-219—Decided January 14, 1976.)

*Mr. Roger R. Chacksfield* and *Mr. W. Ted Osborne,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

*Per Curiam.* This is an appeal by the Tax Commissioner from a decision of the Court of Appeals for Hamilton County, which reversed a decision of the Board of Tax Appeals affirming the assessment of certain sales and use taxes against appellee for the audit period October 1, 1968, to September 30, 1971.

Appellee is an agricultural cooperative which operates a dairy plant under the trade name "French Bauer" as a separate division of its enterprise. The French Bauer Division engages in the wholesale and retail sale of dairy products.

I.

The first aspect of the appeal involves the Tax Commissioner's assessment of sales and use taxes on the purchase of those trucks, and parts therefor, which were used by French Bauer in its retail sales operations. Driver-salesmen are assigned a certain area and are given a specified number of accounts to cover. Appellee has a computer

system that predetermines, on past sales history, the amount of dairy items a particular truck route is to take on a given day. The drivers call on their regular customers twice a week to sell or deliver* the dairy products and to promote "sale" items. In those instances where the driver does not see the customer, he leaves at the customer's home the dairy products he was told to leave on his previous visit, or he leaves the generally accepted amount a customer takes.

The Tax Commissioner argues that the trucks and parts in question are not used directly in making retail sales and are, therefore, not excepted from taxation pursuant to R. C. 5739.01(E)(2), unless it can be shown that such trucks are used as a "sales and stock area from which a route salesman may make present sales of 'impulse' items," and cites *Jewel Companies* v. *Porterfield* (1970), 21 Ohio St. 2d 97, 100.

Appellee contends, and the Court of Appeals held, that *Jewel* is distinguishable, and that appellee is entitled to an exception under R. C. 5739.01(E)(2) because the trucks were used "directly in making retail sales."

This court has held that "[a] party seeking [a tax] exemption has the burden of demonstrating that he meets the statutory qualifications for tax exemption." *Wallover Oil Co.* v. *Ohio Water Pollution Control Bd.* (1972), 32 Ohio St. 2d 233, 234; see, also, *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407, paragraph two of the syllabus.

In the case at bar, appellee has offered no evidence of any retail sale of items directly from the trucks in question. Any customer contact was presumably made in the home or at the door. The record shows that, in some instances, there was no contact at all between route driver and customer. In effect, appellee has not shown that the trucks in question were used for an excepted purpose. See *Jewel Companies, supra.*

---

*In the testimony given before the Board of Tax Appeals herein by appellee's witness, the words "sell" and "deliver" are used interchangeably.

## II.

The second issue involves the Tax Commissioner's assessment of sales and use taxes on appellee's purchase of "French Bauer" refrigerated storage-display cabinets, and parts therefor, which were placed in its retailers' stores with the intention that they be used for appellee's ice cream and other frozen dairy products. For those retailers who did not purchase these freezer cabinets outright, an agreement captioned "Ice Cream Lease Agreement" was executed whereby the retailer was to pay appellee 10 or 15 cents for each gallon of ice cream purchased as "rental" for the cabinets, payable at the time of payment for the ice cream. The record reveals, however, that appellee required no such payment, but instead gave a rebate of 10 or 15 cents per gallon of ice cream purchased to only those retailers who purchased the freezer cabinets outright and who met certain other qualifications. In addition, the record shows that all appellee's retailers were charged the same wholesale price for the frozen dairy products.

Appellee contends, and the Court of Appeals held, that the purchase of such freezer cabinets for transfer under such "leases" was a purchase for resale, excepted from taxation under the provisions of R. C. 5739.01(B) and 5739.01(E)(1).

This court, however, is in agreement with the Tax Commissioner and the Board of Tax Appeals that the facts at bar are almost identical to those of *San-A-Pure Dairy Co.* v. *Bowers* (1962), 173 Ohio St. 469, and we find that case controlling herein.

The syllabus in *San-A-Pure* states:

"The purchase of refrigerated cases or cabinets by a manufacturer and wholesaler of ice cream is subject to the Ohio sales and use taxes, where he retains ownership of such cases or cabinets and furnishes them to the retailers of his product for the display and sale of the same without making a direct charge for such use or increasing the cost of the ice cream to such retailers above the prevailing wholesale price. In such circumstances the manufacturer

and wholesaler is the 'consumer' of the cases or cabinets, there is no transfer thereof to the retailers for a consideration, as contemplated by Section 5739.01, Revised Code, and the fact that a rebate of ten cents per gallon of ice cream is allowed by the manufacturer and wholesaler in independent transactions to other retailers of his product who use their own cases or cabinets for the display and sale of the ice cream does not operate to show a sale of the cases or cabinets furnished the retailers first above mentioned." See, also, *Coca-Cola Bottling Corp.* v. *Kosydar* (1975), 43 Ohio St. 2d 186, 189.

Further, this court finds, as to the claimed exception for the purchase of the freezer cabinets herein, that appellee has not shown that it is entitled to such exception. See *Wallover Oil Co.* and *National Tube Co., supra.*

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the decision of the Board of Tax Appeals, being reasonable and lawful, is affirmed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, COLE, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

COLE, J., of the Third Appellate District, sitting for CORRIGAN, J.