DENIS COPY CO., Appellant,

v.

LIMBACH, Tax Commr., Appellee.

[Cite as *Denis Copy Co. v. Limbach* (1992), 76 Ohio App.3d 768.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 59598 and 59599.

Decided Jan. 6, 1992.

*Jones, Day, Reavis & Pogue* and *Roger F. Day,* for appellant.

*Lee Fisher,* Attorney General, and *Richard C. Farrin,* Assistant Attorney General, for appellee.

NAHRA, Presiding Judge.

This appeal arises from the decision of the Board of Tax Appeals ("BTA") in which it affirmed the Tax Commissioner's determination that Denis Copy

Company, appellant, was required to pay sales tax assessments and penalties of $277,579.41 during the tax period from 1981 through 1985.

Denis Copy Company ("Denis Copy") is a company which, among other activities, owns hundreds of coin-operated copy machines located at various places throughout Ohio, including post offices, public libraries, colleges, and privately owned businesses. Denis Copy applied for and obtained vendor licenses for each of the locations where the copy machines were placed.

Denis Copy owns the copy machines and pays for all of the machine's parts and supplies. It provides the machines to owners of the premises generally pursuant to a written contract but sometimes under oral agreement. Pursuant to such contracts, the businesses typically agreed to provide space and electricity for the copy machines. Denis Copy is responsible for service, supplies, and maintenance of the copy machines. In addition, Denis Copy specifically holds itself liable for any claims arising out of the operation of such machines.

The various businesses where the machines are located neither purchase nor lease the machines. If the businesses use the copy machine, they may make a finite number of free copies as specified in the contract and pay for additional copies at a reduced charge. In exchange for the businesses' providing space and electricity for the copy machines, Denis Copy agrees to pay the businesses a fixed percentage of the gross receipts derived from the particular machine.

Denis Copy did not maintain records of its sales or of tax collected on such sales. The only records it preserved were the total number of copies made on its various machines. Denis Copy did not maintain records concerning individual transactions or the sales tax applicable to those transactions. Instead, Denis Copy took the monthly total of its sales and "backed out" the tax. That is, Denis Copy calculated the tax it owed by dividing its gross sales receipts by one plus the applicable sales tax rate for the particular county in which such sales took place. In addition, Denis Copy treated the price charged as including sales tax. In so doing, Denis Copy did not collect and remit the proper amount of tax due under the schedules set forth in R.C. 5739.025.

The Tax Commissioner's agent recomputed Denis Copy's sales tax liability by determining the number of copies sold and multiplying such number by the proper bracketed tax on the price charged for the copies. For instance, if Denis Copy sold 2,000 copies in a county with a one percent local sales tax at a price of twenty cents per copy, the agent would multiply 2,000 times the bracketed tax levied by R.C. 5739.025(B)(2) in sales where the price was between eighteen and thirty-four cents. Such tax is two cents. The tax due on those sales would be $40 (*i.e.*, 2,000 $\times$ $.02). In addition, the Tax

Commissioner's agent did not include sales tax within Denis Copy's gross receipts when it calculated the applicable sales tax.

On December 18, 1986 and January 13, 1987, the Tax Commissioner issued final determinations affirming sales tax assessments and penalties against Denis Copy in the amount of $277,579.41. Denis Copy filed a notice of appeal to the BTA and a hearing was held on October 20, 1988.

Denis Copy argued that it was not the vendor of copies sold through its coin-operated copy machines and that the Tax Commissioner had erred in the methodology employed to calculate Denis Copy's sales tax liability. Denis Copy also argued the Tax Commissioner erred in computing the price per copy by failing to subtract a sales tax that was included in the price of each copy.

On March 23, 1990, the BTA rejected Denis Copy's arguments and affirmed the determinations of the Tax Commissioner. The BTA held specifically that Denis Copy was the vendor of the assessed transactions and that Denis Copy failed to meet its burden of establishing that the Tax Commissioner erred in computing its tax liability. Denis Copy's timely appeal follows.

## I

Appellant's first assignment of error states:

"Both the Tax Commissioner and the Board of Tax Appeals erred in ruling that Denis Copy Co. was the 'vendor' for Ohio sales tax purposes in transactions where customers make their own copies of documents on copy machines owned by Denis but physically located on the premises of post offices, public libraries, colleges and private drug and discount stores."

Denis Copy contends that it was not the "vendor" of the sales of copies from its copy machines. Instead, Denis Copy asserts that the owners of the premises where the copy machines were located were the actual "vendors" insofar as their interface with customers provided the means by which the sales of copies to customers were effected. As a result, Denis Copy was not liable for collecting and reporting sales tax as a vendor pursuant to R.C. 5739.03.

R.C. 5739.01 defines the term "vendor" as follows:

"(C) 'Vendor' means the person providing the service or by whom the transfer effected or license given by a sale is or is to be made or given; if two or more persons are engaged in business in the same retail establishment under a single trade name in which all collections on account of sales by each are made, such persons shall constitute a single vendor."

In its decision, the BTA found that Denis Copy was a vendor for the purposes of sales when it stated:

"Since the appellant in the present case remains the owner of the coin-operated copy machines, provides the supplies, service and maintenance for the machine, sets the price of the copies, and retains 75% to 80% of the gross receipts, it cannot be seriously argued that appellant is not the vendor of the copies."

R.C. 5717.04 provides that this court's review of the BTA's ruling is limited to a determination of whether the BTA's decision was reasonable and lawful. *PPG Industries, Inc. v. Kosydar* (1981), 65 Ohio St.2d 80, 19 O.O.3d 268, 417 N.E.2d 1385. The court of appeals is bound by the record that was before the BTA and may not substitute its judgment for that of the board. *Olf v. Porterfield* (1969), 19 Ohio App.2d 211, 48 O.O.2d 343, 250 N.E.2d 764. In addition, reviewing courts will not overrule findings of fact of the BTA that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc. v. Lindley* (1981), 65 Ohio St.2d 47, 19 O.O.3d 234, 417 N.E.2d 1257; *Alcoa v. Kosydar* (1978), 54 Ohio St.2d 477, 8 O.O.3d 459, 377 N.E.2d 785. Moreover, the BTA has wide discretion in determining the weight to be given to the evidence and the credibility of witnesses which come before it. *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraph three of the syllabus.

We do not believe that the BTA abused its discretion in determining that Denis Copy was a "vendor" under R.C. 5739.01(C). The record discloses that Denis Copy applied for and obtained vendors' licenses for the various locations where its machines were placed. See *Staten v. Tax Commr.* (App.1975), 74 O.O.2d 365. Denis Copy owned the copy machines and did not lease or sell such machines to the owners of the premises where the machines were placed. A review of the written agreements between Denis Copy and the owners further reveals that Denis Copy was a vendor. Under these agreements, Denis Copy was required to service, supply, and maintain the machines whereas the owners of the location merely provided space and electricity.

Denis Copy also assumed all liability arising from the operation of the machines. In addition, the owners of the premises were required to pay for all copies made for themselves above a specified allotment of free ones. If the owners were actually vendors as Denis Copy asserts, then they most likely would not have been required to pay for their own copies. Nor would Denis Copy have likely assumed any liability arising from the operation of the machines.

The copy machines are self-service machines operated by customers. Nothing in the record indicates that the business owners on location played a direct role in effecting the transactions.

As a result of the foregoing, we believe the BTA properly determined that Denis Copy was a vendor under R.C. 5739.01.

Appellant's assignment of error is overruled.

## II

Appellant's second assignment of error states:

"Both the Tax Commissioner and the Board of Tax Appeals erred in determining the proper 'price' charged for copies of documents made in the copy machines. The 'price' charged necessarily included Ohio sales tax."

▮ Denis Copy asserts that the price it charged its customers for copies included sales tax. Denis Copy maintains that it was impossible to program the coin machine to collect the accurate amount of tax from customers. As a result, it was proper for Denis Copy to pay its sales tax based on gross receipts.

R.C. 5739.01(H)(1) defines "price" in the context of a sales tax transaction as:

" * * * Price is the amount received inclusive of the tax, provided the vendor establishes to the satisfaction of the tax commissioner that the tax was added to the price."

The record before us indicates that the Tax Commissioner was not satisfied that Denis Copy had established that the sales tax was added to the price of the copies. On appeal, the BTA affirmed and held that Denis Copy had failed to meet its burden of proving the same. We do not believe that the BTA erred in finding that Denis Copy failed to establish that the sales tax was added to the price. R.C. 5717.04; *Cardinal Fed. S. & L. Assn., supra; Pato Foods, Inc. v. Lindley* (1982), 7 Ohio App.3d 22, 7 OBR 24, 453 N.E.2d 1274, paragraph three of the syllabus; see, also, *Alcan Aluminum Corp. v. Limbach* (1989), 42 Ohio St.3d 121, 123, 537 N.E.2d 1302, 1304. Our review indicates that Denis Copy maintained no records of individual transactions and failed to comply with the record-keeping requirements with respect to sales tax under R.C. 5739.11. See *McDonald's of Springfield, Ohio, Inc. v. Kosydar* (1975), 43 Ohio St.2d 5, 72 O.O.2d 3, 330 N.E.2d 699. The agreements between Denis Copy and the business owners where the machines were located do not establish that the price charged included sales tax. In addition, we do not believe the BTA abused its discretion by apparently rejecting Denis Copy's bald assertion that it included sales tax within the price of its copies. We also note that Denis Copy apparently opted not to avail itself of a provision in R.C. 5739.05 that enables a vendor to prepay the bracket tax when collection of such tax from the consumer is impracticable. Instead, Denis

Copy attempted to back out the tax from its gross sales, a method not authorized by statute.

As a result of the foregoing, appellant's assignment of error is overruled.

## III

Appellant's third assignment of error states:

"Both the Tax Commissioner and the Board of Tax Appeals erred in taxing copy transactions at single sales tax bracket rates when the evidence showed most customers purchase multiple copies."

Denis Copy asserts that the Tax Commissioner erred by assessing tax due on the basis of the bracketed tax owed on the sales of individual copies. Instead, Denis Copy maintains that the bracketed tax due should have been based on the number of multiple copy sales. As a result, its tax liability could have been lower based on the bracket tax structure of R.C. 5739.025(B).

The Tax Commissioner rejected Denis Copy's multiple copy contention because there were no records to establish multiple copy sales. The BTA affirmed the Tax Commissioner's determination as presumptively valid and indicated that Denis Copy had failed to carry its burden of collecting sales tax from consumers and that it had not kept a record of whether consumers were making single or multiple copies.

We do not believe the BTA's finding was unreasonable or unlawful. R.C. 5717.04. Denis Copy maintained no record of the purchases by individual customers or the number of copies made by particular customers. R.C. 5739.11. As a result, Denis Copy failed to meet its burden of establishing the nature and extent of the alleged error by the Tax Commissioner. See *Ohio Fast Freight, Inc. v. Porterfield* (1972), 29 Ohio St.2d 69, 58 O.O.2d 116, 278 N.E.2d 361.

Denis Copy refers to the testimony of Robert Weisberg, its vice-president, who stated that on occasion he observed customers making multiple copies at various locations. However, as we stated above, the BTA has wide discretion in determining the weight of evidence and the credibility of witnesses that come before it. *Cardinal Fed. S. & L. Assn., supra,* paragraph three of the syllabus. We also note that Denis Copy failed to avail itself of the procedure available under R.C. 5739.05 for relief to vendors from an unreasonable burden in the collection of sales tax.

As a result of the foregoing, appellant's assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

FRANCIS E. SWEENEY and PATTON, JJ., concur.