OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Ritchie Photographic, Appellant v. Limbach, Tax Commr., Appellee.
[Cite as Ritchie Photographic v. Limbach (1994),      Ohio St.3d      .]
Taxation -- Sales and use tax -- Sales of school children photographs to students or parents are taxable.
(No. 93-1500 -- Submitted September 9, 1994 -- Decided December 30, 1994.)

Appeal from the Board of Tax Appeals, No. 90-D-780.

For the audit period October 1, 1984 through March 31, 1988, the Tax Commissioner of Ohio assessed appellant, Ritchie Photographic ("Ritchie"), $42,123.80 plus fifteen percent penalty for sales and use taxes. Ritchie appealed to the Board of Tax Appeals ("BTA"), claiming exemption from taxation because it sold photographs to schools or school districts ("schools"). An evidentiary hearing was conducted on May 16 and 17, 1991 by a BTA attorney-examiner and, on June 25, 1993, the assessment was affirmed. Ritchie avers that the matter was transferred to another attorney examiner, before the BTA rendered its decision.

Ritchie is a sole proprietorship operated by John and Lavonne Ritchie out of Cincinnati, Ohio. Ritchie produces and sells photographs of school children . Ritchie responds to solicitations of bids from schools and enters into oral or written contracts with schools . The school selects the picture-taking dates and determines the commission to be paid to the school for participation in the program. As an example, Northwest Junior High School was paid a thirty-five percent commission, and members of the board of education's treasurer's office collected the price of photographs from the student or the parent at the time of the sitting. The school also determines which packages of pictures should be made available for purchase; however, the choice of a particular package and the selection of individual pictures is left to the student or the parent. Under a typical contract, Ritchie provides color

photographs as requested by students or parents, and guarantees customer satisfaction.  Ritchie also supplies free photographs of each student for use in the school security program required by R.C. 3319.322.

The cause is now before the court upon an appeal as of right.

Thomas A. Simons, Jr.; Graydon, Head & Ritchey, Harry J. Finke,IV, and Susan J. Dlott , for appellant.
Lee Fisher, Attorney General, and Janyce C. Katz, Assistant Attorney General, for  appellee.

Per Curiam.  Ritchie alleges the BTA violated its right of due process of law and denied it the equal protection of the laws because  the BTA changed attorney-examiners during the process of deciding the case.  Also, Ritchie contends the BTA erred in its factual conclusion that Ritchie was selling photographs to students rather than to the schools, which would be exempt from paying tax. .

At oral argument, Ritchie renewed its motion to supplement the record, contending it had been denied due process of law because the BTA replaced the attorney-examiner who had conducted the evidentiary hearing with another attorney-examiner who worked from a "cold record" to decide that the Tax Commissioner's assessment was proper.  That motion was denied prior to oral argument.

The instant decision is clearly the BTA's decision and not an attorney-examiner's.  Ritchie presented no evidence concerning the details of the hearing to support its allegations; however, the alleged procedure does not violate any statutory right nor is it a constitutional denial of due process or equal protection of the laws.

R.C. 5703.02 authorizes the BTA to determine all appeals of questions of law and fact arising under our tax laws; R.C.5717.02 entitles the BTA to appoint attorney-examiners to conduct hearings and to report their findings to the BTA for affirmation or rejection; and R.C. 5703.13 provides that the majority of the BTA constitutes a quorum to transact business, and every order made by a member, when approved by the board, is deemed the order of the board.

In Laughlin v. Pub.Util. Comm. (1966), 6 Ohio St.2d 110, 35 O.O.2d 132, 216 N.E.2d 60, an attorney-examiner conducted the hearing; another attorney-examiner made the report and recommendation.  We rejected appellant's objection to the procedure as being "without merit."  Id. at 112, 35 O.O.2d at 133, 216 N.E.2d at 61.

Accordingly, Ritchie's motion to supplement the record is again denied.

As to the merits of the instant cause, we agree with the BTA.  The transactions involving Ritchie's school photographs were sales in which the vendor was Ritchie and the consumer was the student.

R.C. 5739.03, as applicable, provides:

"* * * [T]he tax imposed by * * * 5739.02 * * * shall be paid by the consumer to the vendor, and each vendor shall collect from the consumer * * * the tax payable on each taxable sale * * *."

Ritchie applied for exemption under R.C. 5739.02(B)(1)

which exempts "[s]ales to the state, or any of its political subdivisions.  The taxpayer has the burden of showing to what extent and in what manner the determination of the Tax Commissioner is in error.  Inland Refuse Transfer Co. v. Limbach (1990), 53 Ohio St.3d 10, 558 N.E.2d 42 ; Midwest Transfer Co. v.Porterfield (1968), 13 Ohio St.2d 138, 42 O.O.2d 365, 235 N.E.2d 511.

The record supports the BTA's findings that Ritchie responded to orders for photographs completed by the student or the parent, promising payment.  There is no indication that orders were placed by schools or that schools purchased and then sold photographs to students or parents.

The commissioner contends that Ritchie did not introduce a single contract into evidence which would prove that a school purchased photographs from Ritchie in order to resell them in the same form to students.  Although Ritchie disputes this, there is no evidence that any of the schools were vendors as defined by R.C. 5739.01(C), that the schools ordered Ritchie's pictures in quantities in order to sell the pictures to the students, or that the schools made retails sales.

Ritchie had the opportunity, but failed to submit contracts to support its contention that its sales were made to schools which then resold the photographs to students or their parents.  Sales such as those involved in this appeal are presumed to be taxable unless the taxpayer establishes the contrary. R.C. 5739.02.  Ritchie failed to present evidence to overcome that presumption, and thus, did not meet its burden of proof.

The BTA specifically found that the schools did not buy pictures, but merely provided Ritchie with an opportunity to sell pictures to students, and in return, Ritchie paid the schools a commission or an agreed amount per package sold. This finding is neither unreasonable or unlawful, and, therefore, the decision of the BTA is affirmed.

                              Decision affirmed.

Moyer, C.J., A.W. Sweeney, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., dissents.