C & D TRUCK & EQUIPMENT SERVICES, INC. et al., Appellant,

v.

TRACY, TAX COMMR., Appellee.

and

AGA GAS, INC., Appellant,

v.

TRACY, TAX COMMR., Appellee.

[Cite as *C & D Truck & Equip. Serv., Inc. v. Tracy* (1996), 113 Ohio App.3d 556.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 69911 and 69912.

Decided Aug. 19, 1996.

*Michael L. Thal,* for appellants.

*Betty D. Montgomery,* Attorney General, and *Richard C. Farrin,* Assistant Attorney General, for appellee.

---

DAVID T. MATIA, Judge.

AGA Gas, Inc., C & D Truck Equipment Services, Inc., and Kronheim's Furniture Inc., appellants, appeal the decision and order of the Board of Tax Appeals affirming the decision of Roger W. Tracy, Tax Commissioner of Ohio, appellee. This decision denied a sales tax refund for truck repair costs. This court, finding no error, affirms the decision of the Board of Tax Appeals.

AGA Gas, Inc. ("AGA") produced and sold various types of industrial and metal gases which it delivered to its customers. These gases were delivered in two ways. Customers who required large quantities of gas entered into requirements contracts whereby appellant delivered the gas in a liquid form using its specially designed cryogenic trucks. The liquid gas is pumped from the trucks into the customers' cryogenic vessels which appellant had previously installed on the customers' property to service their needs.

The amount of liquid gas delivered is based on estimates of the customers' prior usage, which had been tracked by a computer program. The program would display a list of customers who were ready for a delivery of liquid gas. Using this information, the dispatcher would group together customers in need of gas in generally the same geographical location and plan a delivery schedule for AGA's drivers. The amount of liquid gas pumped into the customer's cryogenic "vessel" is metered and the customer is then billed for that amount.

Customers with smaller usage requirements would typically purchase gas in cylinders. In this instance, customers will call appellant and request a certain number of cylinders of the gas they want. The dispatcher will then design a similar delivery schedule based upon the customers needs and geographical location. These delivery trucks have specially designed cranes that can lift the product off the truck. Moreover, since the gas products are considered hazardous, all AGA trucks are regulated by the Department of Transportation.

AGA applied for a refund of $13,602.80 in sales tax paid for parts and repairs to its delivery trucks during the period January 1, 1987 through December 31, 1989. AGA argued that since the delivery trucks were used directly in making retail sales, the truck parts and repairs were exempted from sales tax pursuant to R.C. 5739.01(E)(2).

In the other case, C & D Truck Equipment Services, Inc. ("C & D") applied for a similar sales tax refund of $3,544.44 on behalf of its customer, Kronheim's Furniture, Inc. ("Kronheim's"). The refund, C & D argued, was for sales tax erroneously paid by Kronheim's to C & D for parts and repairs to Kronheim's

furniture delivery trucks during the period January 1, 1988 through December 31, 1991.

Roger W. Tracy, the Tax Commissioner of Ohio, denied both appellants' claims based upon his determination that the trucks were used primarily in the delivery of items or goods. Both appellants appealed to the Board of Tax Appeals ("BTA"). On November 9, 1995, the BTA affirmed the Tax Commissioner's denial of the sales tax refund claims. Both C & D and AGA filed a notice of appeal with this court. The appeals were consolidated and are now properly before this court.

Since appellants' nine assignments of error contain similar issues of law and fact, we will consider them concurrently:

"I. The Board of Tax Appeals erred in determining that appellant AGA should be denied a refund in the amount of $13,602.80 for the period 1/1/87 through 12/31/89.

"II. The Board of Tax Appeals erred in determining that sales tax was due and payable on the purchase by appellant AGA of parts, repairs, and maintenance for trucks to be used in AGA's business.

"III. The Board of Tax Appeals erred in determining that appellant AGA's trucks are not used directly in making retail sales and thereby exempt from taxation pursuant to Ohio Revised Code 5739.01(E)(2).

"IV. The Board of Tax Appeals erred in determining that the primary use of appellant AGA's trucks is to deliver ordered gas cylinders to its customers.

"V. The Board of Tax Appeals erred in determining that appellant C & D, on behalf of appellant Kronheim's, should be denied a refund in the amount of $3,544.44 for the period 1/1/88 through 12/31/91.

"VI. The Board of Tax Appeals erred in determining that sales tax was due and payable on the purchase from appellant C & D by appellant Kronheim's of parts and repairs for trucks to be used in Kronheim's business.

"VII. The Board of Tax Appeals erred in determining that appellant Kronheim's trucks are not used directly in making retail sales and thereby exempt from taxation pursuant to Ohio Revised Code 5739.01(E)(2).

"VIII. The Board of Tax Appeals erred in not reading Ohio Revised Code 5739.01(O) *in pari materia* with Ohio Revised Code 5739.01(E)(2).

"IX. The Board of Tax Appeals erred by not finding that the evidence and testimony of appellants rebutted the statutory presumption that a sale took place at appellants' place of business."

Appellants argue that the BTA erred when it approved the Tax Commissioner's decision to deny their claims for a sales tax refund stemming from the repair costs of appellants' delivery trucks. Specifically, appellants argue that their delivery trucks are used directly in making retail sales as defined by R.C. 5739.01(E). Appellants base this argument on the fact that the sales in question are not complete until after the goods are delivered.

Appellants' first through ninth assignments of error are not well taken.

In an appeal from a decision of the Board of Tax Appeals, the court's function "is to review the board's decision to determine if it is reasonable and lawful. * * * As long as there is evidence which reasonably supports the conclusion reached by the board, the decision must stand." *Highlights for Children, Inc. v. Collins* (1977), 50 Ohio St.2d 186, 187–188, 4 O.O.3d 379, 380, 364 N.E.2d 13, 15. See, also, *PPG Industries, Inc. v. Kosydar* (1981), 65 Ohio St.2d 80, 19 O.O.3d 268, 417 N.E.2d 1385; *Am. Steamship Co. v. Limbach* (1991), 61 Ohio St.3d 22, 572 N.E.2d 629.

The court of appeals is bound by the record that was before the BTA and may not substitute its judgment for that of the board. *Denis Copy Co. v. Limbach* (1992), 76 Ohio App.3d 768, 603 N.E.2d 359. Additionally, the BTA has wide discretion in determining the weight to be given the evidence and the credibility of the witnesses which come before it. *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433.

Finally, it should be noted that "statutes relating to the exemption from sales or use taxes are to be strictly construed." *Philips Industries, Inc. v. Limbach* (1988), 37 Ohio St.3d 100, 101, 524 N.E.2d 161, 161–162. With these principles in mind, we review the BTA's decision denying the sales tax refund for appellants' trucking repair costs.

During the tax period in question, R.C. 5739.02 imposed a sales tax on "each retail sale made in this state." R.C. 5739.01(E)(2) defined retail sales:

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

" * * * *

"(2) * * * to use or consume the thing transferred * * * directly in making retail sales * * *."

However, for the sales tax on the truck repair costs to be exempt from taxation, the manner in which the truck is used must fall within the definition of "making retail sales," which reads:

"(O) 'Making retail sales' means the effecting of transactions wherein one party is obligated to pay the price and the other party is obligated to provide a

service or to transfer title to or possession of the item sold, but it does not include the delivery of items thereafter nor the preliminary acts of promoting or soliciting the retail sales, other than the distribution of printed matter which displays or describes and prices the item offered for sale." R.C. 5739.01(O).

■ It is well established that the trucks' primary use is determinative of taxability, and incidental uses are not controlling. See *Mead v. Glander* (1950), 153 Ohio St. 539, 42 O.O. 24, 93 N.E.2d 19. Additionally, the burden of demonstrating that the determination is unlawful and unreasonable falls upon the appellant. R.C. 5717.04; *Hatchadorian v. Lindley* (1986), 21 Ohio St.3d 66, 21 OBR 365, 488 N.E.2d 145.

First we note that there is a presumption contained in R.C. 5739.01(E) that "[a]ll sales are presumed to occur at the vendor's place of business * * *." Although this presumption is rebuttable, we find that there exists sufficient evidence in the record supporting the BTA's determination that the trucks at issue were used primarily for the purpose of delivery as opposed to the sale of goods.

AGA contracted with its customers in two ways: (1) customers with a need for large amounts of liquid gas entered into a requirements contract, and (2) customers with smaller needs ordered gas in cylinders by the phone. In both instances, the contract for the gas was already in existence at the time of the delivery. Having to read a liquid gas meter in order to properly bill their larger customers is merely fulfilling part of the contract. Additionally, the truck drivers did not solicit any sales in any manner. See *Jewel Cos. v. Porterfield* (1970), 21 Ohio St.2d 97, 50 O.O.2d 238, 255 N.E.2d 630; *Kurtz Bros., Inc. v. Tracy* (July 25, 1996), Cuyahoga App. Nos. 70078 and 70079, unreported, 1996 WL 417133.

With regard to C & D, we agree with the BTA in its finding that C & D has failed to introduce any evidence to supports its position. In fact, all of the evidence presented establishes that C & D's trucks are used solely for the purpose of delivering furniture to its customers. This is insufficient to overcome the presumption of validity of the Tax Commissioner's determination. See *Hatchadorian v. Lindley, supra*, 21 Ohio St.3d 66, 21 OBR 365, 488 N.E.2d 145.

In looking at the realities of the appellants' operations, we find that the determination of the BTA that the primary use and/or purpose of these trucks is the delivery as opposed to the sale of goods/items is reasonable and lawful. See *Co-operative Pure Milk Assn. v. Kosydar* (1976), 45 Ohio St.2d 23, 74 O.O.2d 47, 340 N.E.2d 408. Appellants' nine assignments of error are not well taken.

*Decision affirmed.*

JAMES D. SWEENEY, P.J., and PORTER, J., concur.