JOURNAL ENTRY AND OPINION
Appellants Kenneth and Caryl Sherman, pro se, appeal pursuant to R.C. 5717.04 from a decision of the Board of Tax Appeals finding the true and taxable value of appellants' property to be as determined by the Board of Revision. Appellants contend the Board of Tax Appeals erred in the method of valuation applied; in not using like kind of properties for comparable evaluation purposes; in failing to consider all the evidence; and in failing to follow the statutory and constitutional mandates. We find no error and affirm.
Appellants own 6.81 acres of property in Hunting Valley (PP 881-15-003) which has a single-family residence on it. Hunting Valley has minimum lot sizes of five acres. Both the Auditor and the Board of Revision determined that the subject property had the true and taxable values as of the tax lien date for 1996, as follows:
TRUE VALUE: TAXABLE VALUE:
 Land $200,000 Land $70,000 Building 295,000 Building 103,250 __________ __________ Total $495,000 Total $173,250
On appeal to the Board of Tax Appeals, appellants asserted the following values:
TRUE VALUE: TAXABLE VALUE:
 Land $215,509 Land $37,714 Building 295,714 Building 103,500 __________ __________ Total $511,223[1] Total $141,214
Although the parties were offered an opportunity to present additional evidence at a hearing before the Board of Tax Appeals, the county appellees and Board of Education for the Orange City School District waived that opportunity. Appellants, however, did appear at the Board of Tax Appeals' hearing through Caryl Sherman who provided testimony and offered various documentary exhibits in support of their claim. The Board of Tax Appeals reviewed the matter, de novo, and determined the values based upon the preponderance of the evidence.
Appellants asserted, as they do on appeal, that despite the subject property's designation as "forest land," it is not being taxed at the reduced rate (50%) afforded by R.C. 5713.23. Furthermore, they argued that to the extent that the property had received "forest land" treatment, it had nevertheless been valued in a manner so as to offset the benefit of the designation.
Upon review of the statutory transcript and the property record card for the subject property and applying the presumption of official regularity, the Board of Tax Appeals concluded that the auditor was taxing the subject property in accordance with the mandate of R.C. 5713.23 with due allowance for the 50% forest land reduction.
Appellants also argued that the true value of the subject property was being artificially inflated in an attempt to deny appellants the full benefit of the forest land reduction. In support of this contention, appellants presented a copy of zoning codes apparently applicable to the vicinity of the subject property which restrict the construction of improvements to a single-family dwelling for each five acre lot. The subject property is comprised of more than six acres and appellants contended that its value was restricted or diminished, because no more residential improvements may be added. They also presented property record cards for properties near the subject property, arguing that those properties, despite the fact that most are not entitled to a forest land reduction, were being taxed roughly equal to or less than the subject property.
The Board of Tax Appeals found that the property record cards of adjacent properties offered by appellants were for properties transferred several years prior to the 1996 tax lien date. Furthermore, the Board of Tax Appeals found it had not been provided with sufficient information for determining whether these properties are at all comparable to the subject property. Thus, the Board of Tax Appeals found that appellants failed to satisfy their burden of proof on the appeal. It ordered that true and taxable values of the subject property, as of tax lien date January 1, 1996, were as found by the Board of Revision. It is from this ruling that appellants took their appeal, specifying the following assignments of error:
 I. THE BOARD OF TAX APPEALS COMMITTED PREJUDICIAL ERROR BY REJECTING SECTION 2, ARTICLE XII OF THE OHIO CONSTITUTION REQUIRING "LAND AND IMPROVEMENTS THEREON SHALL BE TAXED BY UNIFORM RULE ACCORDING TO VALUE." (R.C. 5713.01).
 II. THE COUNTY AUDITOR BASED THE TRUE LAND VALUE OF PP#881-15-003 ON "OFFERED" SELLING PRICES FOR A SUB-DEVELOPMENT IN THE VICINITY (PP#881-10-002, 881-13-007) RATHER THAN ARMS LENGTH TRANSACTIONS OF PP#881-17-004 AND PP#27-006-750. THE BOARD OF TAX APPEALS PRESUMED THE AUDITOR WAS CORRECT IN THEIR COST ANALYSIS.
 III. THE BOARD OF TAX APPEALS FAILED TO CONSIDER ALL THE EVIDENCE PRESENTED, SPECIFICALLY RECENT SALES OF COMPARABLE PROPERTIES IN HUNTING VALLEY SOLD AT ARMS LENGTH BY SMYTHE CRAMER REALTY.
 IV. THE BOARD OF TAX APPEALS UNREASONABLY AND UNLAWFULLY CONDONES THE COUNTY AUDITORS' DECEPTION BY NOT COMPLYING TO THE MANDATE AND TERMS OF ORC 5713.23.
 V. THE BOARD OF TAX APPEALS UNREASONABLY AND UNLAWFULLY DENIES THE APPELLANTS THEIR STATE AND FEDERAL CONSTITUTIONAL RIGHTS AND IS DIRECTLY CONTRA THE LAW.
 VI. THE BOARD OF TAX APPEALS UNREASONABLY AND UNLAWFULLY USES PROCEDURAL EXPEDIENCY AND ADMINISTRATIVE CONVENIENCE TO CREATE "JURISDICTIONAL BARRIERS NOT CLEARLY STATUTORILY OR CONSTITUTIONALLY MANDATED" TO DISMISS AN OTHERWISE VALID COMPLAINT.
Since appellants' arguments do not correlate with their assignments of error (see App.R. 16(A)(7)), we will address the assignments collectively.
Analytically, it would seem that appellants' basic arguments are: (1) that the method of valuing their land was different than used to value neighboring properties in violation of Article XII, § 2 of the Ohio Constitution; (2) the auditor did not comply with R.C. 5713.23 by requiring forest land to be taxed at 50% of the local tax rate; and (3) the auditor used subdivision comparables that were serviced by city water not wells as were used on appellants' property.
We start by recognizing that the scope of our review on an appeal from the Board of Tax Appeals is very limited. We are mindful of the Supreme Court's admonitions in Meijer v.Montgomery Cty. Bd. of Review (1996), 75 Ohio St.3d 181, 185-86:
 Basically, Meijer's argument is an attempt to refute the testimony of the appraisers for the county and the school board in order to have the income approach of its appraiser adopted. This court is not a "`super' board of tax appeals." Hercules Galion Products, Inc. v. Bowers (1960), 171 Ohio St. 176, 12 O.O.2d 292, 168 N.E.2d 404, 405. As we stated in Wolf v. Cuyahoga Cty. Bd. of Revision (1984), 11 Ohio St.3d 205, 207, 11 OBR 523, 524, 465 N.E.2d 50, 52, "A great deal of appellants' argument is devoted to the rebuttal of appellees' expert testimony. Ultimately they conclude that none of his conclusions is credible enough to be relied on by the ETA. However, such a determination is precisely the kind of factual matter to be decided by the ETA."
* * *
 The BTA has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it firmly appears from the record that such decision is unreasonable or unlawful. Cardinal Fed. S D Assn. v. Cuyahoga Cty. Bd. of Revision (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraphs three and four of the syllabus. Meijer has not established an abuse of discretion here.
Appellants argued before the Board of Tax Appeals and now here on appeal, that by assigning a true value of $200,000 to their property, that the County Auditor is essentially appraising the value of their property at $400,000 since that $200,000 true value would include a 50% forest tax exemption. Appellants contend that the $400,000 amount is unreasonable given that other properties with more acreage and frontage recently sold for $500,000 and $487,000 respectively. Appellants also testified that their neighbors' properties on either side of them were valued at $239,000 and $240,000 respectively even though those properties did not have forest tax exemptions. Appellants therefore argue that their property should be valued at $200,000 with the 50% forest tax exemption deducted from that amount.
In spite of the evidence and arguments presented by appellants, the Board of Tax Appeals did not find any error in the County Appraiser's estimate of the true value of the appellants' property. The Board of Tax Appeals found that such evidence of the value regarding other properties in and of itself did not prove that the appellants were not receiving the correct tax exemption. The Board of Tax Appeals found:
 In WJJK Investments, Inc. v. Licking Cty. Bd. of Revision
(1996), 76 Ohio St.3d 29, the Supreme Court rejected arguments similar to those now raised by appellants:
 "Merely showing that two parcels of property have different values [or in this case roughly the same values] without more does not establish that the tax authorities valued the properties in a different [same] manner." Id. at 31.
 The preceding is consistent with our holding in Benit v. Delaware Cty. Bd. of Revision (Mar. 18, 1994), B.T.A. No. 93-E-722, unreported:
 "The appellant has attempted to show a lower value than that assessed by the BOR. However, appellant's presentation of evidence fails to carry the burden of proof as to what the property is actually worth. The appellant has submitted a comparative analysis of the tax valuation of certain neighboring land. However, we have often stated that such information is not particularly helpful. `Tax valuations are not sales, and comparative analysis thereof is always subject to the objection that the tax valuations of the compared properties are not themselves market value.' Henry W. Haydui v. Portage Cty. Bd. of Revision (June 18, 1993), B.T.A. No. 92-H-576, unreported. Paul L. and H. Courtney Carson v. Hamilton Cty. Bd. of Revision (August 27, 1993), B.T.A. No. 92-B-879, unreported." Id. at 6.
 With respect to the property record cards with which we have been provided, we note that most of these properties were transferred several years prior to the tax lien date in issue in this appeal. More importantly, we have not been provided with sufficient information for determining whether these properties are at all comparable to the subject.
(BTA Opn. at 6-7).
Given the broad discretion vested in the Board of Tax Appeals and the case law cited above, we cannot find that the Board of Tax Appeals abused its discretion by finding no error regarding the true value ascribed to the property.
The Board of Tax Appeals also noted in its opinion that the statutory transcript failed to indicate any error in the manner of calculating the exemption:
 The statutory transcript fails to specifically disclose the manner by which the subject property's forest land reduction was calculated for the tax lien date in question. But see, S.T. Ex. C, at 2 (entitled "1994 Reappraisal Manual Valuation"). While it is possible that method of calculation was performed differently than that prescribed by statute, we are unable to conclude that appellants have been denied the proper amount of reduction in tax liability. See, Ferrone v. Medina Cty. Bd. of Revision (Oct. 6, 1995), B.T.A. No. 94-T-531, unreported.
(BTA Opn. at fn. 4, pp. 5-6). Consequently, the Board of Tax Appeals noted that while it was possible that, the method of calculation was performed differently, there was no evidence indicating that the appellants had been denied the proper amount of reduction in tax liability.
We are in no better position than the Board of Tax Appeals to second guess the amount of the forest land exemption on this state of the record. Texas E. Transm. Corp. v. Tracy (1997),78 Ohio St.3d 83, 86; CD Truck Equip. Serv. Inc. v. Tracy (1996),113 Ohio App.3d 556, 559; Judson Retirement Community v. Tracey
(Jun. 18, 1998), Cuyahoga App. No. 72786, unreported. Accordingly, we must affirm the Board of Tax Appeals' decision in its entirety.
Appellants' assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Board of Tax Appeals to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ________________________________ JAMES M. PORTER JUDGE
[1] Although appellants assert in their notice of appeal a value which is actually higher than that determined by the Board of Revision, it is by virtue of their claim that the subject property has been denied favorable tax treatment as forest land that the ultimate result sought through their appeal is a reduction in tax liability.