LEASEWAY TRANSPORTATION CORPORATION, Appellee,

v.

LIMBACH, Tax Commr., Appellant.

[Cite as *Leaseway Transp. Corp. v. Limbach* (1994), 96 Ohio App.3d 289.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65857.

Decided Aug. 1, 1994.

*Walter L. Holeski, Vorys, Sater, Seymour & Pease, Raymond D. Anderson, Matthew J. Hatchadorian* and *Eric A. Pierce,* for appellee.

*Lee Fisher,* Attorney General, and *Barton A. Hubbard,* Assistant Attorney General, for appellant.

HARPER, Judge.

Appellant, the Ohio Tax Commissioner, appeals from the decision of the Ohio Board of Tax Appeals, which reversed the Tax Commissioner's assessment of appellee Leaseway Transportation Corporation's personal property tax. For the reasons that follow, we affirm.

## I

Leaseway is a Delaware corporation with its headquarters in Beachwood, Ohio. Its primary business is motor transportation of freight over the highways throughout the United States. The nature of Leaseway's business requires it to

purchase fuel, oil, tires, and motor vehicle repair and replacement parts for its motor vehicle fleet and hold such supplies on hand at its facilities.

In its 1983 and 1984 tax years, Leaseway regarded those supplies as integral parts of its registered motor vehicles, which are not subjected to personal property tax. The commissioner rejected Leaseway's claims after an audit, holding that the items are subject to personal property tax and proceeding to value them at cost.

Leaseway appealed to the board, arguing that the items were subject to exemption pursuant to R.C. 5701.03 as part of its motor vehicle fleet. The board, as did the commissioner, rejected Leaseway's claim, reasoning that the items were not exempt, because the items were being held in storage for future use and not incorporated into a motor vehicle.

The board also addressed the second issue raised by Leaseway that it is error for the commissioner to value the items at cost instead of treating them as expendable items valued at fifty percent of cost. The board ruled in favor of Leaseway, holding that the items could be treated as expendable personal property subject to tax at fifty percent of cost.

## II

The commissioner assigns the following errors for our review:

"1. The Board erred in failing to affirm the Tax Commissioner's final determination in its entirety and reversing or modifying any part of the Tax Commissioner's final determination.

"2. To the extent the Board required the Tax Commissioner to value Leaseway Transportation Corporation's ('taxpayer's') personal property at less than the value determined and assessed by the Tax Commissioner, the Board erred as a matter of fact and law in failing to affirm the Tax Commissioner's valuations of the taxpayer's personal property in their entirety and in requiring the Tax Commissioner to value any of the taxpayer's supply inventories of tires, fuel, oil and motor vehicle repair and replacement parts at less than the valuations determined and assessed by the Tax Commissioner.

"3. To the extent the Board required the Tax Commissioner to value any portion of the taxpayer's supply inventories at less than the values determined and assessed by the Tax Commissioner, the Board erred in doing so and such error constituted the creation by the Board of an unlawful and statutorily nonexistent exemption or valuation less than true value of a portion of the taxpayer's taxable supply inventories.

"4. The Board erred in requiring the Tax Commissioner to value any of the taxpayer's supply inventories at less than the costs paid by the taxpayer to acquire those inventories.

"5. To the extent that the Board's decision and order may be read to require the Tax Commissioner to determine the true value of any of the taxpayer's supply inventories at one-half of the taxpayer's acquisition cost for such parts, the Board's Decision and Order was unreasonable, unlawful and erroneous.

"6. To the extent that the Board's Decision and Order requires the Tax Commissioner to modify the valuations of any of the taxpayer's supply inventories to reflect valuations at less than the valuations determined and assessed by the Tax Commissioner, the Board erred in requiring the Tax Commissioner to assess such property at less than its true value, in contravention of the requirement in R.C. 5711.18 that such property be valued at its 'true value.'

"7. The Board erred in basing its Decision and Order on a misreading and misapplication of the Tax Commissioner's 'Guidelines For Filing Personal Property Tax Returns.'

"8. The Board erred in determining that the Tax Commissioner's 'Guidelines For Filing Personal Property Tax Returns' created the basis for an exemption or valuation less than true value for any of the taxpayer's personal property and further erred in implicitly holding that the Tax Commissioner had the legal authority to create such exemption or valuation less than true value. Even if the Tax Commissioner had attempted to create such exemption or valuation less than true value, which he did not, the Board's recognition of any such non-statutorily created exemption or valuation less than true value would constitute an unlawful delegation of legislative authority, in contravention of the Ohio constitution and the separation of powers doctrine embodied therein.

"9. The Board erred in determining that the taxpayer's failure to file a claim for deduction from book value with its personal property tax returns for the tax years at issue did not bar the taxpayer, under R.C. 5711.18, from a reduction in the true valuation of its supply inventories to an amount less than the taxpayer's book values."

Assignments of Error 1 through 8 present one issue, and will be treated together. The issue presented is whether fuel, tires, oil and parts used in connection with appellee's motor vehicles which are subject to personal property tax should be valued at one hundred percent of cost, or as expendable items at fifty percent of cost.

In appeals from the board, this court's jurisdiction is limited to a determination from the record as to whether the decision of the board is

unreasonable or unlawful. R.C. 5717.04; *Citizens Fin. Corp. v. Porterfield* (1971), 25 Ohio St.2d 53, 54 O.O.2d 191, 266 N.E.2d 828; *Wheeling Steel Corp. v. Evatt* (1944), 143 Ohio St. 71, 28 O.O. 21, 54 N.E.2d 132; *Cuyahoga Cty. Bd. of Revision v. Fodor* (1968), 15 Ohio St.2d 52, 44 O.O.2d 30, 239 N.E.2d 25, approved and followed in *Alcoa v. Kosydar* (1978), 54 Ohio St.2d 477, 8 O.O.3d 459, 377 N.E.2d 785.

█ Where the record in the case for appellate review contains sufficient probative evidence to support the board's decision, that decision must be affirmed. *Youngstown Sheet & Tube Co. v. Kosydar* (1975), 44 Ohio St.2d 96, 73 O.O.2d 353, 338 N.E.2d 366.

█ The commissioner argues that the guidelines provided to aid taxpayers when filing tax returns were erroneously interpreted by the board to allow valuation at fifty percent of the cost of the items being taxed. The commissioner, citing *Ares, Inc. v. Limbach* (1990), 51 Ohio St.3d 102, 104, 554 N.E.2d 1310, 1312, further argues that since only the legislature can grant an exemption to taxpayers, neither the commissioner nor the board can grant exemption without violating the law. We agree with the commissioner's argument on the law on exemptions, but are quick to point out that this is not a case of exemption from taxation. The board specifically rejected Leaseway's position that it was entitled to exemption. This case is about the method of valuation, assessment and computation which the commissioner has been granted the authority by the legislature to establish where and when necessary to aid the taxpayer.

R.C. 5711.18 provides in pertinent part as follows:

"In the case of personal property used in business, the book value thereof less book depreciation at such time shall be listed, and such depreciated book value shall be taken as the true value of such property, unless the assessor finds that such depreciated book value is greater or less than the then true value of such property in money."

R.C. 5711.21 provides in relative part as follows:

"(A) In assessing taxable property the assessor shall be governed by the rules of assessment prescribed by sections 5711.01 to 5711.36 of the Revised Code. *Wherever any taxable property is required to be assessed at its true value in money or at any percentage of true value, the assessor shall be guided by the statements contained in the taxpayer's return and such other rules and evidence as will enable the assessor to arrive at such true value.* Wherever the income yield of taxable property is required to be assessed, and the method of determining between income and return or distribution of principal, or that of allocating expenses in determining net income, or that of ascertaining the source from which partial distributions of income have been made is not expressly prescribed

by sections 5711.01 to 5711.36 of the Revised Code, the assessor shall be guided by the statements contained in the taxpayer's return and such general rules as the tax commissioner adopts to enable the assessor to make such determination." (Emphasis added.)

Also Ohio Adm.Code 5703–3–11 provides in pertinent part as follows:

"(A) To assist taxpayers in returning the true value of depreciable tangible personal property used in business in this state, as required by Chapter 5711. of the Revised Code and rule 5703–3–10 of the Administrative Code, and to assist in the efficient administration of the personal property tax, the tax commissioner shall determine a composite annual allowance procedure for use in computing the true value of such property. The application of the composite annual allowance procedure to the original cost of tangible personal property may be referred to as the 'true value computation' or the '302 computation.'

" * * *

"(D) *The commissioner shall publish and make available the composite annual allowance procedure, with such instructions and examples as the commissioner deems useful or necessary to assist taxpayers in computing their proper tax liability.*

"(E) *The commissioner shall review and, if necessary, modify the composite annual allowance procedure, from time to time, to assure that such allowance procedure reflects current technology and business experience.*" (Emphasis added.)

■ Thus, the commissioner has adequate legal authority to proscribe rules and methods of arriving at a proper computation of taxpayer's tax liability. The assessment of which must be applied uniformly to all taxpayers similarly situated to avoid unlawful discrimination in the application of Ohio tax laws. See *Boothe Fin. Corp. v. Lindley* (1983), 6 Ohio St.3d 247, 6 OBR 315, 452 N.E.2d 1295.

The commissioner for three decades has published annual allowances for use in determining the true value of tangible personal property ("302 computation") used in business, which courts have accepted as legal and proper. See *Alcoa v. Kosydar, supra; W.L. Harper Co. v. Peck* (1954), 161 Ohio St. 300, 53 O.O. 178, 118 N.E.2d 643; *Adams v. Bowers* (1958), 167 Ohio St. 389, 5 O.O.2d 27, 148 N.E.2d 920; *Syro Steel Co. v. Kosydar* (1973), 34 Ohio St.2d 9, 63 O.O.2d 6, 295 N.E.2d 194. See, also, *Gahanna Hts., Inc. v. Porterfield* (1968), 15 Ohio St.2d 189, 44 O.O.2d 156, 239 N.E.2d 30.

In giving a legal backing to the commissioner's "302 computation" directive, the Ohio Supreme Court in *W.L. Harper Co. v. Peck* held:

"We are fully in accord with the use of a directive in the ascertainment of the true value of personal property, but in our opinion the Board of Tax Appeals is required to ascertain from the evidence before it whether in a particular case the application of such a directive will produce an unreasonable result.

" * * *

"Our conclusion is that it is proper to ascertain the true value * * * by the use of proper directives, but that such directives must be applied so that they are subject to adjustment not only in the case of special or unusual circumstances or conditions of use, * * * but also to adjustment in all cases where the evidence shows that a rigid application will result in injustice." *Id.*, 161 Ohio St. at 305–306, 53 O.O. at 180, 118 N.E.2d at 646.

The commissioner's 1984 "302 computation" directive provides in pertinent part as follows:

"EXCEPTIONS TO THE TRUE VALUE COMPUTATION

"Property which is normally termed 'expendable' or is being depreciated over a relatively short period may be segregated and valued separately. For example, on the taxpayer's books, small tools may be capitalized and depreciated over a specified period, or capitalized and adjusted in accordance with periodic physical inventories, or expensed upon acquisition. 50% of the cost of items actually on hand at year-end will be considered to be their true value."

According to the directive, expendable items or items depreciated over a relatively short period can be valued at fifty percent of their cost. As the board properly observed, neither the statute nor the directive has a definition of "expendable." The board concluded that an item could be termed "expendable" if it is consumed in a short period of time. While we find no fault in the board's conclusion of what constitutes "expendable" in the absence of a true definition of "expendable," we however note that a careful reading of the directive reveals that two sets of items could be valued at fifty percent of cost. "Property which is normally termed 'expendable' or is being depreciated over a relatively short period" suggests that property to be valued at fifty percent of cost must either be property which is normally termed "expendable" (whatever that means) or property which is depreciated over a short period of time.

■ The record shows that Leaseway provided competent credible evidence to the satisfaction of the board that the items in question are expendable pursuant to the commissioner's directive. It presented evidence that the items in question are consumed within a period of seven days to four months. We have no independent authority outside the record to undermine the board's finding. The board is vested with wide discretion in determining the weight to be given to

evidence and the credibility of witnesses which come before it. See *Alcoa v. Kosydar, supra.*

In *ABX Air, Inc. v. Limbach* (June 18, 1993), BTA No. 90–D–0523, unreported, a case similar to the present case, the board held that a taxpayer can use the commissioner's directive in arriving at an alternative cost valuation as stipulated by the commissioner. We have no reservation in agreeing with the board's determination. As stated above, the commissioner is empowered to adopt rules necessary to determine proper assessment of tax liabilities. Such rules when implemented may work to the advantage of the taxpayer and as further illustrated in Ohio Adm.Code 5703–3–11, the commissioner can always review its directives and modify them as the need arises.

Having found the board's decision to be proper, we overrule the commissioner's Assignments of Error 1 through 8.

### III

In the commissioner's ninth assignment of error, she argues that the board erred because Leaseway did not file a claim for deduction in its tax return to qualify for a valuation at fifty percent of cost. R.C. 5711.18 requires *that a claim for reduction from net book value* be filed in writing at the time of filing the return. We agree with the board's determination that the circumstances of this case do not warrant the exercise of the requirements of R.C. 5711.18. As reasoned by the board, Leaseway listed the items at one hundred percent of their cost and did not seek any reduction, but rather sought a complete exemption, arguing that the supplies and the equipments are integral parts of registered motor vehicles and, therefore, not subject to personal property tax. The commissioner rejected Leaseway's claim for exemption and reclassified the items as taxable personal property. It is in Leaseway's opposition to the commissioner's reclassification that gave birth to the alternative argument that the supplies be classified as expendables subject to be taxed at fifty percent of cost if any tax liability is to be imposed. The board agreed with Leaseway and classified the items as expendables. Since the board did not substitute an unlawful or unreasonable standard in determining the true value of the property in question, we affirm the decision of the board as reasonable and lawful.

*Judgment affirmed.*

SPELLACY, P.J., and DYKE, J., concur.